PEOPLE v ADAIR

Docket No. 119692. Submitted February 22, 1990, at Lansing. Decided April 10, 1990.

Jimmy D. Adair was charged in Livingston Circuit Court with operating a motor vehicle while under the influence of intoxicating liquor, third offense, and possession of a firearm during the commission of a felony. The court, Daniel A. Burress, J., dismissed the felony-firearm charge, ruling that OUIL-third may not serve as the underlying felony for a felony-firearm conviction. The people appealed by leave granted.

The Court of Appeals *held:*

Under the plain language of both the OUIL statute and the felony-firearm statute, it is clear that OUIL-third may serve as the underlying felony for a felony-firearm conviction.

Reversed and remanded.

CRIMINAL LAW — FELONY-FIREARM — OPERATING A MOTOR VEHICLE WHILE UNDER THE INFLUENCE OF INTOXICATING LIQUOR.

The offense of operating a motor vehicle while under the influence of intoxicating liquor, third offense, may serve as the underlying felony for a felony-firearm conviction (MCL 257.625[6], 750.227b; MSA 9.2325[6], 28.424[2]).

*Frank J. Kelley,* Attorney General, *David L. Morse,* Prosecuting Attorney, and *Daniel J. Garber, Jr.,* Chief Assistant Prosecutor, for the people.

*William R. Mollison,* for defendant.

Before: NEFF, P.J., and MACKENZIE and JANSEN, JJ.

PER CURIAM. On August 8, 1989, the circuit

REFERENCES

Am Jur 2d, Weapons and Firearms § 7.5.

See the Index to Annotations under Driving While Intoxicated; Sentence and Punishment; Weapons and Firearms.

court entered an order dismissing a charge of possession of a firearm during the commission of a felony in connection with the charge of driving while intoxicated, third offense, MCL 257.625(6); MSA 9.2325(6). The circuit court's opinion was based on its holding that the sentencing enhancement provisions of the OUIL statute could not be used as the underlying felony for the purposes of the felony-firearm statute, MCL 750.227b; MSA 28.424(2). The people appeal by leave granted, alleging that OUIL, third offense, can be used as the underlying felony for a felony-firearm charge. We agree and reverse.

The felony-firearm statute, MCL 750.227b; MSA 28.424(2), provides in part:

> (1) A person who carries or has in his possession a firearm at the time he commits or attempts to commit a felony, except the violation of Section 227 or Section 227a, is guilty of a felony, and shall be imprisoned for two years.

By the plain language of the statute, operating a motor vehicle while under the influence of intoxicating liquor, third offense, MCL 257.625(6); MSA 9.2325(6), is a felony. We are constrained to follow and apply the "plain meaning" of the statutes as set forth by the Legislature. Under the "plain meaning" rule, if the language used by the Legislature is clear and unambiguous, no judicial interpretation of the statute is permitted. *Wymer v Holmes,* 429 Mich 66, 76; 412 NW2d 213 (1987); *People v Tucker,* 177 Mich App 174, 178; 441 NW2d 59 (1989), lv den 433 Mich 873 (1989). Further, a cardinal rule of statutory construction is that the express mention of one thing in the statute generally implies the exclusion of other similar things. By expressly excluding two felonies,

the felony-firearm statute, by implication, applies to all other felonies. *People v Elowe,* 85 Mich 744; 272 NW2d 596 (1978). On the basis of the clear language of the felony-firearm statute and the OUIL statute, we find that the felony-firearm statute applies in the present situation.

We are not persuaded by defendant's argument that the present case is analogous to the *Tucker* decision. In *Tucker,* this Court held that OUIL, third offense, could not act as the underlying felony for an habitual offender charge. *Tucker, supra* at 176. The *Tucker* panel was concerned with multiplying defendant's punishment beyond that envisioned by the Legislature by the stacking of two sentence enhancement provisions. This rationale does not apply to the present case since the felony-firearm statute creates a separate criminal offense and does not simply constitute a sentencing enhancement mechanism. *People v Burgess,* 419 Mich 305, 309; 353 NW2d 444 (1984). The trial court erred in dismissing the charge of felony-firearm against defendant.

Reversed and remanded for further proceedings consistent with our opinion. We do not retain jurisdiction.