STATE

v.

Neil HARRIS.

No. 91–554–C.A.

Supreme Court of Rhode Island.

June 3, 1992.

James E. O'Neil, Atty. Gen., James J. Caruolo, Sp. Asst. Atty. Gen., Jeffrey Greer, Asst. Atty. Gen., for plaintiff.

Richard Casparian, Public Defender, Janice Weisfeld, Barbara Hurst, Asst. Public Defenders, for defendant.

## OPINION

PER CURIAM.

The defendant, Neil Harris (Harris), came before this court as ordered to show cause why his appeal should not be denied and dismissed. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown.

 In denying Harris's motion to suppress, the trial justice ruled that the police had probable cause to arrest Harris but that because of their lack of knowledge regarding where Harris resided as well as his complete name, it was not necessary to procure a formal warrant. Harris's girlfriend consented to the entrance of the police into her apartment. They found Harris hiding in a closet and placed him under arrest, whereupon he made voluntary and incriminating statements.

Harris contends that his statements should have been suppressed as a result of his illegal arrest and cites in his support *Minnesota v. Olson,* 495 U.S. 91, 110 S.Ct. 1684, 109 L.Ed.2d 85 (1990), which clarifies an overnight guest's expectation of privacy in a host's home in holding that such a guest has standing to claim protection under the Fourth Amendment.

*Olson* is distinguishable from the case at bar because the *Olson* police entered the premises without a warrant or consent. In this controversy, the trial justice correctly determined that Harris's girlfriend consented to the officers' ingress into her apartment. Moreover, the trial justice determined that the police could not obtain a warrant for Harris's arrest because Harris had given a false name and the address of his girlfriend, who resided in a multiunit apartment complex. The record indicates that the trial justice found probable cause as derived from an eyewitness description of Harris and a photograph that another Brown University special officer had identified as depicting Harris.

Furthermore, we believe that the arresting Brown University special officer possessed the same power and authority as a police officer in and upon the lands and buildings of the institution pursuant to G.L.1956 (1981 Reenactment) § 12–7–10, as amended by P.L.1985, ch. 114, § 1. Consequently the university officials made a valid arrest, and Harris's statements are admissible.

Accordingly Harris's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court.