PEOPLE v GUILES

Docket No. 144929. Submitted November 10, 1992, at Lansing. De-
cided April 5, 1993, at 9:05 A.M. Leave to appeal sought.

Roger A. Guiles pleaded guilty in the Washtenaw Circuit Court,
Ross W. Campbell, J., of intentionally discharging a firearm at
an occupied structure and of malicious destruction of property
over $100 after the trial court, on double jeopardy grounds,
quashed an additional charge of possession of a firearm during
the commission of a felony. The charges related to a single
incident in which the defendant fired several shots from a rifle
into a building. The prosecution appealed by leave granted,
claiming that the trial court erred in quashing the felony-
firearm charge.

The Court of Appeals *held:*

The resolution of the double jeopardy issue in this case turns
on a determination of the legislative intent behind the felony-
firearm statute, MCL 750.227b; MSA 28.424(2). The statute
provides that a person who carries or possesses a firearm when
committing or attempting to commit a felony is guilty of
felony-firearm, except where the underlying felony is one of
four enumerated exceptions. The felony of intentionally dis-
charging a firearm at a dwelling or an occupied structure is not
among the four exceptions. It is clear from the language of the
statute that the Legislature, with only a few exceptions, in-
tended that every felony committed by a person possessing a
firearm should result in a felony-firearm conviction.

Reversed and remanded.

CONSTITUTIONAL LAW — DOUBLE JEOPARDY — POSSESSION OF A FIRE-
ARM DURING COMMISSION OF FELONY — INTENTIONALLY DIS-
CHARGING A FIREARM AT A DWELLING OR AN OCCUPIED STRUC-
TURE.

Convictions of possession of a firearm during the commission of a

REFERENCES

Am Jur 2d, Criminal Law § 279.
Double jeopardy: various acts of weapons violations as separate or
continuing offense. 80 ALR4th 631.

felony and of intentionally discharging a firearm at a dwelling or an occupied structure, where they relate to a single incident in which a firearm was discharged into a dwelling or an occupied structure, do not violate the constitutional protection against double jeopardy (US Const, Am V; Const 1963, art 1, § 15; MCL 750.227b, 750.234b; MSA 28.424[2], 28.431[2]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *Marilyn A. Eisenbraun,* Assistant Prosecuting Attorney, for the people.

*R. Michael Stillwagon,* for the defendant.

Before: GRIBBS, P.J., and MICHAEL J. KELLY, and REILLY, JJ.

REILLY, J. In the early morning hours of April 19, 1991, defendant fired several shots from an automatic rifle into the Fleming Administration Building located on the University of Michigan campus. He was charged with intentional discharge of a firearm at a dwelling or occupied structure, MCL 750.234b; MSA 28.431(2), malicious destruction of property over $100, MCL 750.380; MSA 28.612, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant brought a motion to quash, alleging that the Double Jeopardy Clause, US Const, Am V, and Const 1963, art 1, § 15, precluded a conviction and sentence for both the underlying felony of intentional discharge of a firearm at a dwelling or occupied structure and felony-firearm. The circuit court granted defendant's motion and dismissed the felony-firearm count. Defendant subsequently pleaded guilty to the charges of intentional discharge of a firearm at a dwelling or occupied structure and malicious

destruction of property.[1] The prosecution now appeals by leave granted. We reverse and remand for proceedings consistent with this opinion.

In granting defendant's motion, the circuit court found that the purpose of the felony-firearm statute was to punish for the use of a firearm, as distinguished from other weapons, in the commission of a felony. It noted that only felonies in which the use of a firearm is optional or discretionary may serve as underlying felonies for a felony-firearm charge. The court reasoned that the charges of felony-firearm and discharge of a firearm at a dwelling were essentially the same offense because all the elements of the former charge were included in the elements of the latter charge. Accordingly, it concluded that the legislative purpose underlying the felony-firearm statute would be violated if defendant were charged and tried for both offenses. The court rejected the prosecution's argument that the felony-firearm charge could remain with the charge of malicious destruction of property, rather than the charge of intentional discharge of a firearm at a building, as the underlying felony.

The Double Jeopardy Clauses of the Michigan and the United States Constitutions protect against successive prosecutions for the same offense and against multiple punishments for the same offense. *People v Bewersdorf,* 438 Mich 55, 72; 475 NW2d 231 (1991), cert den sub nom *Johnson v Michigan,* — US —; 112 S Ct 1214; 117 L Ed 2d 452 (1992); *People v Sturgis,* 427 Mich 392, 398; 397 NW2d 783 (1986). The constitutional protection against multiple punishments for the same offense is a restriction on a court's ability to

---

[1] At the time of the plea, the prosecution informed the trial court of the possibility of an appeal from its decision to grant the motion to quash.

impose punishment in excess of that intended by the Legislature. *Id.* at 400. Because the Legislature has the sole power to define crime and fix punishment, the Double Jeopardy Clause is not a limitation on the Legislature's power to establish punishment. The only protected interest of a defendant is the interest in not having more punishment imposed than is intended by the Legislature. *Id.* Accordingly, our examination of the scope of double jeopardy protection against judicially imposed multiple punishment for the "same offense" is restricted to a determination of legislative intent. *Id.* See also *People v Robideau,* 419 Mich 458, 469; 355 NW2d 592 (1984); *People v Harrington,* 194 Mich App 424, 427; 487 NW2d 479 (1992); *People v Sammons,* 191 Mich App 351, 373; 478 NW2d 901 (1991), cert den — US —; 112 S Ct 3015; 120 L Ed 2d 888 (1992).

Different tests are used to determine legislative intent under the federal standard and the Michigan standard. Under the federal test, where the same act or transaction is a violation of two distinct statutory provisions, the test used in determining whether there are two offenses or only one is whether each offense requires proof of a fact that the other does not. *Blockburger v United States,* 284 US 299, 304; 52 S Ct 180; 76 L Ed 306 (1932); *Harrington, supra* at 427. However, the *Blockburger* test is not controlling when the legislative intent is clear from the face of the statute or legislative history. *Garrett v United States,* 471 US 773, 779; 105 S Ct 2407; 85 L Ed 2d 764 (1985). This principle was discussed in *Missouri v Hunter,* 459 US 359, 368-369; 103 S Ct 673; 74 L Ed 2d 535 (1983), where the Court stated:

> Where, as here, a legislature specifically authorizes cumulative punishment under two statutes,

regardless of whether those two statutes proscribe the "same" conduct under *Blockburger,* a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial.

Michigan courts have rejected the *Blockburger* test in favor of a more traditional means of determining the intent of the Legislature by examining the subject, language, and history of the statutes. *Robideau, supra* at 486; *Sturgis, supra* at 404-405. Legislative intent may be determined by examining the type of harm each statute is designed to prevent. *Robideau, supra* at 487. Where two statutes prohibit violations of the same social norm, it generally can be concluded that the Legislature did not intend multiple punishments. *Id.* Additionally, legislative intent may be found in the amount of punishment authorized by the Legislature and whether the statutes are hierarchical or cumulative. *Id.; Harrington, supra* at 428. A comparison of the elements of the offense may also be helpful. *Sturgis, supra* at 409.

We believe in the present case that our evaluation of legislative intent under both the federal and state standard must begin and end with the language of the felony-firearm statute. *Garrett, supra; People v Morton,* 423 Mich 650, 655-656; 377 NW2d 798 (1985). That statute, MCL 750.227b; MSA 28.424(2), provides in pertinent part:

(1) A person who carries or has in his or her possession a firearm when he or she commits or attempts to commit a felony, except a violation of section 223, section 227, 227a or 230, is guilty of a felony and shall be imprisoned for 2 years.[2]

---

[2] MCL 750.223; MSA 28.420 prohibits the unlawful sale of a firearm; MCL 750.227; MSA 28.424 prohibits the carrying of a concealed

* * *

(2) A term of imprisonment prescribed by this section is in addition to the sentence imposed for the conviction of the felony or the attempt to commit the felony, and shall be served consecutively with and preceding any term of imprisonment imposed for the conviction of the felony or the attempt to commit the felony.

It is clear from the language of the statute that the Legislature intended, with only a few stated exceptions, that every felony committed by a person possessing a firearm result in a felony-firearm conviction. *Sturgis, supra* at 406-407; *Morton, supra* at 656. See also *People v Elowe,* 85 Mich App 744, 751; 272 NW2d 596 (1978), and *People v Adair,* 184 Mich App 703, 704-705; 458 NW2d 666 (1990), where the Court stated that by excluding certain felonies from the scope of the felony-firearm statute, the Legislature by implication intended that no other felonies were to be excluded. Additionally, the history of the statute presents no indication of lenity on the part of the Legislature with respect to weapon offenses. *Sturgis, supra* at 408.

The statute that punishes the intentional discharge of a firearm at a dwelling or occupied structure, MCL 750.234b; MSA 28.431(2), is not one of the exceptions provided in the felony-firearm statute. Therefore, we can only conclude that the Legislature intended that the felony-firearm statute apply to those who commit the act prohibited under MCL 750.234b; MSA 28.431(2). Legislative history supports this finding. The offense of intentional discharge of a firearm at a dwelling or occupied structure along with the offense of inten-

weapon; MCL 750.227a; MSA 28.424(1) prohibits the unlawful possession of a firearm by a licensee; MCL 750.230; MSA 28.427 prohibits the alteration of identifying marks on a firearm.

tionally discharging a firearm from a motor vehicle in such a manner as to endanger the safety of another, MCL 750.234a; MSA 28.431(1), and the offense of intentionally discharging a firearm at an emergency or law enforcement vehicle, MCL 750.234c; MSA 28.431(3), were added to the Criminal Code by 1990 PA 321. This same act added two exceptions, the unlawful sale of a firearm and the alteration of identifying marks of a firearm, to the felony-firearm statute. Therefore, it is reasonable to assume that had the Legislature intended to exclude MCL 750.234b; MSA 28.431(2), it would have done so at that time.

Although we acknowledge the argument presented by defendant that the crime of intentional discharge of a firearm at a dwelling necessarily includes the elements of felony-firearm, we believe that we are bound by what we perceive to be the clear intent of the Legislature.[3] It is not our role to pass upon the wisdom of a statutory enactment. *Elowe, supra* at 750. Furthermore, we note that to hold that defendant could not be charged with felony-firearm because the underlying felony required the use of a firearm could itself produce an absurd result. Defendant would not be subjected to the mandatory two-year sentence imposed by the felony-firearm statute even though he fired an automatic rifle at an occupied building, while a defendant convicted of a felony such as operating a motor vehicle under the influence of intoxicating liquor, third offense, MCL 257.625(6); MSA

---

[3] In *People v Bonner*, 116 Mich App 41; 321 NW2d 835 (1982), a panel of this Court held that, a defendant could not be convicted of both possession of a short-barreled shotgun and felony-firearm because the factual proofs of the felony-firearm charge necessarily proved the possession charge. *Id.* at 45. However, the Court in that case used a "factual" double jeopardy analysis that has since been rejected by the appellate courts of this state. *Sturgis, supra.*

9.2325(6),[4] would be subject to the mandatory sentence if he possessed a firearm at the same time. See *Adair, supra.*

On the basis of the foregoing analysis, we conclude that the trial court erred in dismissing the felony-firearm charge.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

---

[4] See 1991 PA 98, MCL 257.625(6)(d); MSA 9.2325(6)(d).