PEOPLE v PARKER

Docket No. 200688. Submitted March 18, 1998, at Lansing. Decided June
16, 1998, at 9:10 A.M. Leave to appeal sought.

Jabez Q. Parker was convicted by a jury in the Bay Circuit Court,
Lawrence M. Bielawski, J., of conspiracy to commit carjacking,
carjacking, armed robbery, and two counts of possession of a fire-
arm during the commission of a felony. He was sentenced as a sec-
ond-offense habitual offender for each conviction. The defendant
appealed.

The Court of Appeals *held*:

1. The court did not err in finding that the defendant lacked
standing to challenge the search of the apartment where he was
found by the police and the seizure of evidence found therein link-
ing him to the crimes because he did not live in the apartment and
was not an overnight guest and, therefore, had no expectation of
privacy.

2. The Legislature intended separate convictions and punish-
ments for both carjacking and armed robbery, even if the defend-
ant committed the offenses in the same criminal transaction. The
Legislature intended multiple punishments for the violations of the
different social norms addressed in the armed robbery and carjack-
ing statutes. The armed robbery and carjacking offenses are not the
"same offense" under the same-elements test of *Blockburger v
United States*, 284 US 299 (1932). The defendant's convictions of
carjacking, stemming from the taking of an automobile at gunpoint,
and armed robbery, stemming from the subsequent taking of the
victim's wallet and money at gunpoint, do not violate the double
jeopardy    protections    of    the    United    States    or    Michigan
Constitutions.

Affirmed.

1. CRIMINAL LAW — SEARCHES AND SEIZURES — EXPECTATION OF PRIVACY.

A search must have infringed a constitutionally protected interest in
order for a defendant to attack the propriety of the search and
seizure; a trial court, in determining whether an infringement
occurred, must decide, upon consideration of the totality of the cir-
cumstances, whether the defendant had an expectation of privacy
in the object of the search and seizure and whether that expecta-

tion is one that society is prepared to recognize as reasonable (US Const, Am IV; Const 1963, art 1, § 11).

2. Criminal Law — Double Jeopardy — Carjacking — Armed Robbery.

   A defendant's convictions of carjacking, stemming from the taking of an automobile at gunpoint, and armed robbery, stemming from the subsequent taking of the victim's wallet and money at gunpoint, do not violate the double jeopardy provisions of the federal or state constitutions; the Legislature designed both statutes to prevent a different type of crime and authorized multiple punishments for violations of the different social norms addressed by the statutes; the statutes each contain an element that the other does not and, thus, do not involve the "same offense"; the Legislature intended to separately punish a defendant convicted both of carjacking and armed robbery, even if the defendant committed the offenses in the same criminal transaction (US Const, Am V; Const 1963, art 1, § 15; MCL 750.529, 750.529a; MSA 28.797, 28.797[a]).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Joseph K. Sheeran*, Prosecuting Attorney, and *Martha G. Mettee*, Assistant Prosecuting Attorney, for the people.

*Robert J. Dunn*, for the defendant.

Before: HOEKSTRA, P.J., and JANSEN and GAGE, JJ.

HOEKSTRA, P.J. Following a jury trial, defendant was convicted of conspiracy to commit carjacking, MCL 750.157a; MSA 28.354(1), carjacking, MCL 750.529a; MSA 28.797(a), armed robbery, MCL 750.529; MSA 28.797, and two counts of possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant was sentenced as a second-offense habitual offender to three concurrent terms of fourteen to forty years' imprisonment for the carjacking convictions and the armed robbery conviction. He was also sentenced to two concurrent terms of two years' imprisonment for the felony-firearm convictions, which are to be served consecutively to the

other terms of imprisonment. Defendant appeals as of right. We affirm.

This case arises from the crimes committed by defendant and a codefendant against two men who had stopped at a highway rest area in the early morning hours of September 13, 1995. After tracing defendant to an apartment rented by two women, police officers located defendant asleep in bed with one of the lessees near noon that same day. The officers searched the apartment pursuant to a search warrant and confiscated evidence linking defendant to the crimes. At the hearing regarding defendant's motion to suppress the evidence, defendant called two acquaintances to testify on his behalf; however, defendant did not call the lessees of the apartment. The trial court denied defendant's motion, finding that defendant lacked standing to challenge the search and seizure.

Defendant argues that the trial court erred in denying his motion to suppress the evidence. We disagree. This Court reviews de novo the trial court's ultimate decision with regard to a motion to suppress evidence; however, we review the trial court's findings of fact in deciding the motion for clear error. *People v Darwich*, 226 Mich App 635, 636; 575 NW2d 44 (1997). See *People v Burrell*, 417 Mich 439, 448-449; 339 NW2d 403 (1983). A finding of fact is clearly erroneous if, after a review of the entire record, an appellate court is left with a definite and firm conviction that a mistake has been made. *People v Lombardo*, 216 Mich App 500, 504; 549 NW2d 596 (1996).

For a defendant to attack the propriety of a search and seizure, the search must have infringed a constitutionally protected interest. US Const, Am IV; Const

1963, art 1, § 11; *People v Smith*, 420 Mich 1, 6, n 1; 360 NW2d 841 (1984). In determining whether such an infringement occurred, the trial court must decide, upon consideration of the totality of the circumstances, whether the defendant had an expectation of privacy in the object of the search and seizure and whether that expectation is one that society is prepared to recognize as reasonable. *Id.* at 28. Defendant contends that he has standing to assert the claim that the evidence was improperly seized on the authority of *Minnesota v Olson*, 495 US 91; 110 S Ct 1684; 109 L Ed 2d 85 (1990). There, the Supreme Court held that an overnight guest at a residence had a legitimate expectation of privacy protected by the Fourth Amendment and that that expectation conferred standing to challenge a nonconsensual entry into a residence without a warrant that resulted in an arrest. *Id.* at 93-94, 100. The trial court in this case, which quoted *Olson* extensively in its opinion denying defendant's motion, held that the evidence presented at the suppression hearing in this case did not support the conclusion that defendant was an overnight guest at the apartment.

First, the trial court noted that none of the witnesses testified that defendant lived at the apartment. Rather, the codefendant, who was called by the prosecution, testified that defendant lived with his mother. Next, with regard to whether defendant was an overnight guest, the court stated that it disbelieved the inconsistent testimony of one of the defendant's witnesses about whether the witness was at the apartment on the night of September 12, but the court stated that it believed the testimony of the codefendant. The codefendant testified that he and defendant

first went to the apartment on the evening of September 12 to ask one of the lessees if they could borrow her vehicle, that they did not come back to the apartment in question until 6:00 or 7:00 the following morning, that defendant asked him to wait while he went to talk with one of the lessees, that he waited for defendant, and that neither he nor defendant planned to stay and fall asleep in the apartment. After hearing and reviewing this evidence, the court found that, at best, defendant's evidence established that he was a mere visitor at the apartment.

Particularly where the issue involves the credibility of the witness whose testimony is in conflict, the trial court's resolution of a factual issue is entitled to deference. *Burrell, supra* at 448-449. Here, the trial court specifically stated that it found the codefendant's testimony credible. Therefore, the trial court stated that it was unconvinced that defendant lived at the apartment or that defendant was an overnight guest at the apartment. We are not left with a definite and firm conviction that the trial court's findings of fact were mistaken, nor do we disagree with the trial court's conclusion that these findings of fact are distinguishable from the facts in *Olson, supra.*[1] Accordingly, we affirm the court's denial of the motion to suppress the evidence because defendant lacked standing to challenge the search and seizure.

Next, defendant argues that the trial court erred in denying his motion for a directed verdict with regard

---

[1] Courts in other jurisdictions have also declined to extend the holding in *Olson* to cases that are factually distinguishable. See *Terry v Martin,* 120 F3d 661 (CA 7, 1997); *Fisher v State,* 665 So 2d 1014 (Ala Crim App, 1995); *State v Wise,* 879 SW2d 494 (Mo, 1994); *State v Harris,* 609 A2d 944 (RI, 1992); *Villarreal v State,* 893 SW2d 559 (Tex App, 1994).

to either the charge of armed robbery or the charge of carjacking because allowing the jury to convict defendant of both felonies placed defendant in jeopardy of suffering multiple punishments for the same offense. We disagree with defendant's argument. We review de novo questions of law, including double jeopardy issues. *People v Price*, 214 Mich App 538, 542; 543 NW2d 49 (1995). The United States and Michigan Constitutions protect a person from being twice placed in jeopardy for the same offense. US Const, Am V; Const 1963, art 1, § 15. Judicial examination of the scope of double jeopardy protection under both constitutions is confined to a determination of legislative intent. *People v Sturgis*, 427 Mich 392, 400; 397 NW2d 783 (1986) (citing *People v Robideau*, 419 Mich 458, 485; 355 NW2d 592 [1984]).

With regard to the Double Jeopardy Clause of the state constitution, this Court uses traditional means to determine legislative intent, such as the subject, language, and history of the statutes. *People v Denio*, 454 Mich 691, 708-709; 564 NW2d 13 (1997). Defendant's carjacking conviction stems from the taking of the automobile at gunpoint, whereas defendant's armed robbery conviction stems from the subsequent taking of the victim's wallet and money at gunpoint. The statute prohibiting armed robbery states the following:

> Any person who shall assault another, and shall feloniously rob, steal and take from his person, or in his presence, any money or other property, which may be the subject of larceny, such robber being armed with a dangerous weapon, or any article used or fashioned in a manner to lead the person so assaulted to reasonably believe it to be a dangerous weapon, shall be guilty of a felony, punishable by imprisonment in the state prison for life or for any term

of years. If an aggravated assault or serious injury is inflicted by any person while committing an armed robbery as defined in this section, the sentence shall be not less than 2 years' imprisonment in the state prison. [MCL 750.529; MSA 28.797.]

The statute prohibiting carjacking, which the Legislature promulgated in 1994, states the following:

(1) A person who by force or violence, or by threat of force or violence, or by putting in fear robs, steals, or takes a motor vehicle as defined in section 412 from another person, in the presence of that person or the presence of a passenger or in the presence of any other person in lawful possession of the motor vehicle, is guilty of carjacking, a felony punishable by imprisonment for life or for any term of years.

(2) A sentence imposed for a violation of this section may be imposed to run consecutively to any other sentence imposed for a conviction that arises out of the same transaction. [MCL 750.529a; MSA 28.797(a).]

Although both crimes involve property loss to a person, either a motor vehicle or other property, the Legislature designed each statute to prevent a different type of harm. See *People v Guiles*, 199 Mich App 54, 58; 500 NW2d 757 (1993). It is clear from the language of the carjacking statute that the Legislature intended to prohibit takings accomplished with force or the mere threat of force. In contrast, it is clear from the language of the armed robbery statute that the Legislature intended to prohibit takings accomplished by an assault and the wielding of a dangerous weapon. A further source of legislative intent is the amount of punishment expressly authorized by the Legislature. *Denio, supra at 708* (citing *Robideau, supra* at 487-488). In the carjacking statute, the Legis-

lature specifically authorized two separate convictions arising out of the same transaction. MCL 750.529a(2); MSA 28.797(a)(2). Although the Double Jeopardy Clauses restrict courts from imposing more punishment than that intended by the Legislature, the Legislature may authorize cumulative punishment of the same conduct under two different statutes. *Denio, supra* at 709 (citing *Sturgis, supra* at 403). From the subject and language of these statutes, we can conclude that the Legislature intended multiple punishments for violations of different social norms.

Defendant's carjacking and armed robbery convictions also do not violate the Double Jeopardy Clause of the federal constitution because they do not constitute the "same offense" under the same-elements test from *Blockburger v United States*, 284 US 299; 52 S Ct 180; 76 L Ed 306 (1932). See *Denio, supra* at 707-708. Under the *Blockburger* test, our inquiry is whether the two separate statutes each include an element that the other does not. *Id.* at 707. Here, the offense of carjacking does not require proof that the defendant intended to deprive the victim permanently of possession of the vehicle. *People v Terry*, 224 Mich App 447, 454-455; 569 NW2d 641 (1997). Armed robbery, a specific intent crime, requires this showing. *People v King*, 210 Mich App 425, 428; 534 NW2d 534 (1995). Also, the offense of armed robbery requires proof that the defendant was armed with a dangerous weapon. *Id.* The offense of carjacking has no such requirement.

Therefore, under both federal and state analyses, it is clear that the Legislature intended to separately punish a defendant convicted of both carjacking and armed robbery, even if the defendant committed the

offenses in the same criminal transaction. Accordingly, we hold that the trial court did not err in denying defendant's motion for a directed verdict.

Affirmed.