# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

RONALD DEE BYERS,

        Defendant-Appellant.

UNPUBLISHED
February 20, 2018

No. 335610
Wayne Circuit Court
LC No. 16-005657-01-FC

Before: SAWYER, P.J., and MURRAY and STEPHENS, JJ.

PER CURIAM.

Defendant appeals as of right his bench trial convictions for three counts of first-degree criminal sexual conduct, MCL 750.520b(1)(a), two counts of assault with intent to commit sexual penetration, MCL 750.520g(1), and two counts of third-degree child abuse, MCL 750.136b(5). Defendant was sentenced to three consecutive terms of 25 years to 25 years and one day for the three counts of first-degree criminal sexual conduct, 5 to 10 years' imprisonment for the two counts of assault with intent to commit sexual penetration, and one to two years' imprisonment for the two counts of third-degree child abuse. The latter terms of imprisonment were set to run concurrently with each other and with the first minimum term of 25 years' imprisonment.

Defendant contends on appeal that irrelevant and prejudicial testimony related to his alleged history of theft and drug use was erroneously permitted at trial, and that the testimony led to the trial court convicting defendant based upon an impermissible inference about defendant's character. Defendant also contends that the trial court lacked the authority to impose consecutive sentences under the circumstances, and thus, defendant's minimum sentences of three consecutive terms of 25 years' imprisonment must be vacated. Finally, defendant argues that his trial counsel was ineffective for failing to object to both of the aforementioned: the irrelevant and prejudicial testimony, and the imposition of consecutive sentences. We affirm defendant's convictions, but vacate the consecutive sentences and remand for resentencing in keeping with this opinion.

## I. IRRELEVANT TESTIMONY

Defendant first contends that the trial court's allowance of testimony regarding defendant's alleged history of theft and drug use violated a number of evidentiary rules. Defendant contends that the testimony was irrelevant and therefore inadmissible pursuant to

-1-

MRE 401 and MRE 402. Defendant also contends that, notwithstanding relevance, the testimony was deeply prejudicial and should have been excluded pursuant to MRE 403. Finally, defendant argues that the testimony was further prohibited by MRE 404(a) and MRE 404(b)(1) because the testimony constituted character evidence and evidence of prior bad acts admitted to show defendant's propensity to commit the alleged crimes. We agree that the testimony regarding defendant's alleged thievery and drug use was objectionable, but also conclude that the testimony had no impact on the outcome of the case.

"In order to preserve the issue of the improper admission of evidence for appeal, a party generally must object at the time of admission." *People v Knox*, 469 Mich 502, 508; 674 NW2d 366 (2004). That party must also "specify the same ground for objection that it asserts on appeal." *People v Aldrich*, 246 Mich App 101, 113; 631 NW2d 67 (2001). In this case, the issue is unpreserved because defendant did not object at any point to the testimony at issue. Unpreserved claims of error are reviewed for plain error, where defendant must show 1) an error occurred, 2) the error was clear and obvious, and 3) the error affected defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999), citing *United States v Olano*, 507 US 725; 113 S Ct 1770; 123 L Ed 2d 508 (1993). "The defendant has the burden of establishing each of these three elements." *People v Smith*, 498 Mich 466; 870 NW2d 299 (2015), citing *Carines*, 460 Mich at 763. Generally, an error affects a defendant's substantial rights when it prejudices him, or when it "affect[s] the outcome of the lower court proceedings." *Carines*, 460 Mich at 763, citing *Olano*, 507 US at 734. "Reversal is warranted only when the plain, unpreserved error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity, or public reputation of the judicial proceedings independent of the defendant's innocence." *People v Everett*, 318 Mich App 511, 527; 899 NW2d 94 (2017), citing *People v Jones*, 468 Mich 345, 355; 662 NW2d 376 (2003).

" 'Relevant evidence' " means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. In determining whether evidence is relevant, this Court considers the materiality and the probative force of the evidence. *People v Brooks*, 453 Mich 511, 517-518; 557 NW2d 106 (1996). Materiality "is the requirement that the proffered evidence be related to any fact that is of consequence to the action." *Id*. at 518 (quotations omitted). "Probative force is the tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Id*. at 518 (quotations omitted).

Generally, "all relevant evidence is admissible." MRE 402. However, even relevant evidence must be excluded where "its probative value is substantially outweighed by the danger of unfair prejudice" or "confusion of the issues." MRE 403. Moreover, relevant evidence that is not necessarily prejudicial pursuant to MRE 403 may yet be inadmissible character evidence or evidence of prior bad acts. MRE 404. "Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion." MRE 404(a). "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." MRE 404(b)(1).

The testimony at issue was clearly and obviously objectionable. The victim testified that defendant "always steals," and "always does drugs." She testified specifically that defendant

stole from gas stations, and that defendant was "a bad dude and everybody knows." The victim's mother testified that she was told that defendant "was breaking into people's houses and robbing them," and that "he broke in the [sic] stores and would have [the victim] there stealing with him." She also testified that defendant personally broke into her home and stole a safe from her. The testimony was irrelevant because it was unrelated to any fact of consequence regarding criminal sexual conduct or child abuse charges, and it had no tendency to make the existence of any fact related to the charges more or less probable. Moreover, forgetting that the evidence should have been excluded for its irrelevance, the testimony was also riddled with prior bad acts that portrayed defendant as the "bad dude" the victim described.

The testimony of defendant's history of theft and drug use was clear and obvious error that, at the very least, violated MRE 402 and MRE 404. Had defendant raised an objection at trial, there is substantial probability that the objection would have been sustained. Yet, had defendant's trial counsel objected and had the irrelevant testimony been excluded, there is a far greater probability that the result of the case would have been *exactly the same*. Although defendant succeeds in demonstrating a clear error at trial, defendant has failed to overcome his burden by showing that the error affected his substantial rights or otherwise prejudiced him whatsoever.

Defendant was tried before a judge and not a jury. "Unlike a jury, a judge is presumed to possess an understanding of the law, which allows him to understand the difference between admissible and inadmissible evidence or statements of counsel." *People v Wofford*, 196 Mich App 275, 282; 492 NW2d 747 (1992), citing *People v Jones*, 168 Mich App 191, 194; 423 NW2d 614 (1988), superseded by statute on other grounds as stated in *People v Garrison*, 495 Mich 362; 852 NW2d 45 (2014); see also *People v Lanzo Const Co*, 272 Mich App 470, 484-485; 726 NW2d 746 (2006) (explaining that "the trial court is presumed to know the applicable law," particularly "in the context of distinguishing admissible from inadmissible evidence").

It is clear from the record that the trial judge had some awareness of the irrelevancy of certain testimony and never intentionally solicited the same. Neither the trial court nor the prosecution ever intentionally solicited testimony regarding defendant's prior bad acts or character, and even more importantly, the trial court never referenced the testimony when making its ultimate, detailed findings. Instead, the trial court relied upon "the credibility of the complainant" as a witness, and her "vivid" and "good memory about the details" of the specific incidents that led to defendant's charges. The trial court found the victim's testimony "had a ring of truth to it that one doesn't always see in child sex abuse cases," and that it had "a ring of authenticity and truth that just can't be avoided." Additionally, it is worth noting that the testimony defendant now claims prejudiced the outcome of his case amounts to mere sentences in comparison to what is otherwise nearly 71 pages of trial transcript spent on the victim thoroughly and vividly recounting multiple instances of sexual and physical abuse.

Although the testimony regarding defendant's alleged history of theft and drug use was objectionable, defendant has failed to show that he was prejudiced whatsoever. The trial court's findings were wholly unrelated to the testimony at issue, and there is no evidence that the testimony affected the outcome of the case.

## II. CONSECUTIVE SENTENCES

Defendant next contends that the trial court erred by imposing consecutive sentences for his convictions of first-degree criminal sexual conduct. We agree and remand for resentencing.

In order to preserve an issue related to sentencing, a party must object at the sentencing hearing. *People v Meshell*, 265 Mich App 616; 696 NW2d 754 (2005). In this case, defendant did not object to the imposition of consecutive sentences at sentencing, and the issue is therefore unpreserved on appeal. "Unpreserved sentencing errors are reviewed for plain error affecting substantial rights." *Id.*, citing *People v Callon*, 256 Mich App 312, 332; 662 NW2d 501 (2003). In order to show plain error, defendant bears the burden of establishing that 1) an error occurred, 2) the error was clear and obvious, and 3) the error affected defendant's substantial rights. *Carines*, 460 Mich at 763, citing *Olano*, 507 US at 734. Generally, an error affects a defendant's substantial rights when it prejudices him, or when it "affect[s] the outcome of the lower court proceedings." *Carines*, 460 Mich at 763, citing *Olano*, 507 US at 734.

"In Michigan, 'concurrent sentencing is the norm,' and a 'consecutive sentence may be imposed only if specifically authorized by statute.' " *People v Ryan*, 295 Mich App 388, 401; 819 NW2d 55 (2012), quoting *People v Brown*, 220 Mich App 680, 682; 560 NW2d 80 (1996). MCL 750.520(b)(3) provides that a person convicted of criminal sexual conduct in the first-degree may be ordered to a term of imprisonment "to be served consecutively to any term of imprisonment imposed for any other criminal offense arising from the *same transaction*." (Emphasis added.) "For multiple penetrations to be considered as part of the same transaction, they must be part of a 'continuous time sequence,' not merely part of a continuous course of conduct." *People v Bailey*, 310 Mich App 703, 725; 873 NW2d 855 (2015), citing *People v Brown*, 495 Mich 962, 963; 843 NW2d 743 (2014), and *Ryan*, 295 Mich App at 402-403. Crimes that arise from the same transaction "grow out of a continuous time sequence," in which "the same individual, at the same time, and in the same transaction, commits two or more distinct crimes." *Ryan*, 295 Mich App at 402 (quotations omitted), citing *People v Nutt*, 469 Mich 565, 578 n 15; 677 NW2d 1 (2004). In this case, the trial court erroneously concluded that defendant's charges of criminal sexual conduct arose out of the "same transaction."

In *Bailey*, this Court vacated consecutive sentences for four convictions of first-degree criminal sexual conduct where the conduct occurred on unspecified dates over a period of seven years. *Bailey*, 310 Mich App at 709-713, 724-725. The Court relied heavily upon *Brown*, 495 Mich at 963, in which the Supreme Court vacated consecutive sentences for four of seven convictions of criminal sexual conduct where the "criminal penetrations [were] perpetrated by the defendant, against the same victim, over approximately 10 days." *Bailey*, 310 Mich App at 724. Although three of the seven penetrations "occurred in the course of a single ongoing assault," and thus permitted consecutive sentencing for those charges, the remaining four penetrations "were not part of the 'same transaction,' even though they were close in time and demonstrated ongoing child sexual abuse of the same victim." *Id.* at 725. In this case, there was no basis for the trial court to conclude that any of the penetrations arose out of the same transaction. Although the abuse was ongoing and the victim was the same, the conduct occurred over a period of three years, and it is clear from the victim's testimony that each incident involving penetration was a separate and distinct event.

The trial court clearly and obviously violated MCL 750.520(b)(3) by sentencing defendant to consecutive sentences, and absent the statutory authority to impose such sentences,

committed plain error. Defendants' three consecutive minimum sentences of 25 years' imprisonment, totaling a minimum of 75 years' imprisonment, must be vacated and remanded for resentencing. This Court notes that on remand for resentencing, the trial court possesses the authority pursuant to statute to sentence defendant to a shorter total term, an equal term, or a greater term than even 75 years' imprisonment, so long as the sentences run concurrently with one another. See MCL 750.520(b).

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

Finally, defendant contends that he was denied effective assistance of counsel at trial when his counsel failed to object to the irrelevant testimony at trial, and failed to object to the imposition of consecutive sentences. We conclude defendant was not denied effective assistance of counsel at trial, and having already determined that defendant's consecutive sentences must be vacated and remanded for resentencing, find the latter ineffective assistance of counsel claim to be moot.

A defendant may preserve the issue of ineffective assistance of counsel by making a timely motion for a new trial, or by requesting an evidentiary hearing on the issue pursuant to *People v Ginther*, 390 Mich 436, 443-444; 212 NW2d 922 (1973). *People v Foster*, 319 Mich App 365, 390; 901 NW2d 127 (2017), citing *People v Sabin (On Second Remand)*, 242 Mich App 656, 658-659; 620 NW2d 19 (2000). Although defendant moved this Court to remand the case back to the trial court for a *Ginther* hearing, and although this Court denied the motion, defendant failed to raise the issue before the trial court, and therefore failed to preserve his ineffective assistance claims. *People v Byers*, unpublished order of the Court of Appeals, entered July 6, 2017 (Docket No. 335610); see *Sabin*, 242 Mich at 658-659.

Where claims regarding ineffective assistance of counsel are unpreserved, " 'review of this issue is limited to mistakes apparent on the appellate record.' " *Foster*, 319 Mich App at 390, quoting *People v Davis*, 250 Mich App 357, 368; 649 NW2d 94 (2002). "If review of the record does not support the defendant's claims, he has effectively waived the issue of effective assistance of counsel." *Sabin*, 242 Mich App at 659, citing *People v Marji*, 180 Mich App 525, 533; 447 NW2d 835 (1989).

"The determination whether a defendant has been deprived of the effective assistance of counsel presents a mixed question of fact and constitutional law." *People v Lockett*, 295 Mich App 165, 187; 814 NW2d 295 (2012), citing *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). The trial court's constitutional determinations are reviewed de novo while factual determinations are reviewed for clear error. *Lockett*, 395 Mich App at 186, citing *LeBlanc*, 465 Mich at 579. "Clear error exists where the reviewing court is left with a definite and firm conviction that a mistake has been made." *People v Callon*, 256 Mich App 312, 321; 662 NW2d 501 (2003), citing *People v Parker*, 230 Mich App 337, 339; 584 NW2d 336 (1998).

" 'Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise.' " *People v Seals*, 285 Mich App 1, 17; 776 NW2d 314 (2009), quoting *People v Solmonson*, 261 Mich App 657, 663; 683 NW2d 761 (2004). "This Court will not substitute its judgment for that of counsel regarding matters of trial strategy, nor will it assess

counsel's competence with the benefit of hindsight." *People v Petri*, 279 Mich App 407, 411; 760 NW2d 882 (2008) (quotations omitted).

> To establish an ineffective assistance of counsel claim, a defendant must show that (1) counsel's performance was below an objective standard of reasonableness under prevailing professional norms and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. *People v Davenport*, 280 Mich App 464, 468; 760 NW2d 743 (2008). A defendant must also show that the result that did occur was fundamentally unfair or unreliable. *Id*. [*Lockett*, 295 Mich App at 187.]

Trial counsel's performance arguably fell below an objective standard of reasonableness when she failed to object to irrelevant and potentially prejudicial testimony at trial. Had the finder of fact been a jury rather than the trial judge, the failure to object may have been somewhat more egregious. Similarly, failure to object might have been more egregious had the testimony been offered in relation to defendant's abusive conduct, rather than volunteered by the victim and her mother as a perfunctory explanation of how and why the victim eventually returned to live with her mother, rather than defendant. Nevertheless, assuming arguendo that trial counsel's performance fell below an objective standard of reasonableness, defendant has entirely failed to demonstrate *any* reasonable probability that the result of the proceedings would have been different had the limited testimony regarding defendant's history of theft and drug abuse been objected to and excluded. Defendant received effective assistance of counsel at trial.

In regard to sentencing, defendant has a stronger argument. It is clear that the trial court lacked the authority under the circumstances to impose consecutive sentences. Defense counsel should have objected, and there is more than a reasonable probability that had defense counsel given the trial court a more correct interpretation of the law, the trial court would have refrained from imposing improper sentences. Nevertheless, the issue is moot. Defendant's consecutive sentences must be vacated and the case remanded for resentencing solely by virtue of the fact that the consecutive sentences constituted plain error that affected defendant's substantial rights.

Defendant's convictions are affirmed, and his consecutive sentences vacated. This matter is remanded for resentencing in keeping with this opinion. We do not retain jurisdiction.

/s/ David H. Sawyer
/s/ Christopher M. Murray
/s/ Cynthia Diane Stephens

-6-