*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

BREANNA LYNN COGER,

        Defendant-Appellant.

UNPUBLISHED
September 08, 2025
9:15 AM

No. 371264
Calhoun Circuit Court
LC No. 2022-002448-FC

Before: MARIANI, P.J., and MALDONADO and YOUNG, JJ.

YOUNG, J (*dissenting*).

I agree with the majority that OV 4 and OV 10 were correctly scored, but I respectfully dissent because my reading of the caselaw and statutory authority leads me to conclude water is not a weapon under OV 1 and Coger is entitled to resentencing. On appeal, Coger argues water is not a weapon under OV 1 because it does not fall within the plain and ordinary meaning of an "instrument" or "device" used for attack or defense. I agree.

OV 1 involves the aggravated use of a weapon, and is properly scored at 10 points where "[t]he victim was touched by any other type of weapon." MCL 777.31(d). The statute does not define "weapon." However, our caselaw has employed the dictionary definition of a weapon when determining whether points were properly assessed for OV 1. In *People v Lange*, 251 Mich App 247, 257; 650 NW2d 691 (2002), this Court applied the dictionary definition of a "weapon" as an instrument or device used for attack or defense. In *Lange*, the defendant repeatedly struck his wife over the head with a glass mug, which caused severe head injuries that led to her eventual death. *Lange*, 251 Mich App at 248. On appeal, the defendant challenged the scoring of OV 1 at 10 points, arguing a glass mug is an object not designed to be used as a weapon. The *Lange* Court held that the plain language of MCL 777.31(1)(c) establishes the Legislature did not intend the term "weapon" to "contemplate only those objects that suggest planning or preparation by the offender . . . ," so it did not matter that the defendant did not plan to use the glass mug as a weapon. *Id*. at 255. *Lange* then cited *People v Vaines*, 310 Mich 500; 17 NW2d 729 (1945) to emphasize that the item need not be inherently dangerous, and that how an item is used is most relevant:

*Other articles and instruments become dangerous weapons only when they are used or carried for use as weapons . . . .*

We are convinced that the legislature intended the words "other dangerous weapon," . . . to mean any concealed article or instrument which the carrier used . . . as a weapon for bodily assault or defense. [*Lange*, 251 Mich App at 256, quoting *Vaines*, 310 Mich at 505-506 (quotation marks and citations omitted).]

More recently, in *People v Ball*, 297 Mich App 121, 125; 823 NW2d 150 (2012), this Court again relied on the dictionary definition of a "weapon" as (1) "any instrument or device used for attack or defense in a fight or in combat . . . ," (2) "anything used against an opponent, adversary, or victim . . . ," or (3) "any part or organ serving for attack or defense, as claws, horns, teeth, or stings." In *Ball*, this Court was faced with a defendant who had provided lethal heroin in a drug transaction. The trial court scored OV 1 at 20 points, observing that heroin was a "harmful chemical substance" under MCL 777.31(1)(b). This Court agreed but reasoned the defendant in *Ball* did not force the victim to ingest heroin or attack the victim with heroin, and directed the trial court on remand to score zero points for OV 1. *Id*. at 125-126.

This caselaw, taken together, undermines the trial court's conclusion at sentencing that there is no "limit as to what the weapon could be or that there had to be any intent whatsoever on the part of the [d]efendant." Instead, this caselaw establishes, in essence, a two-part test of whether an alleged weapon is a weapon for scoring OV 1. First, unless otherwise enumerated in MCL 777.31, the alleged weapon must be an article, instrument, or device. Second, the alleged weapon must be used in a way to inflict harm. *Lange*, 251 Mich App at 256.

In this case, there can be no real debate that the manner in which the water was used harmed the victim. That the victim was left alone and could have drowned, in addition to the fact that there were third degree burns on 35% of his body, should indicate water can be *used* as a dangerous weapon. The more difficult question is whether water can be article, instrument, or device.

The prosecution directs our attention to unpublished cases where OV 1 was scored when a baby was thrown at a stationary glass table with enough force to shatter the table, when a metal snap from a jumpsuit was used in an attack to try to cut someone, and when a laptop computer was used to hit a victim in the face. See *People v Swanigan*, unpublished per curiam opinion of the Court of Appeals, issued December 21, 2010 (Docket No. 294765), p 2-3; *People v Ray*, unpublished per curiam opinion of the Court of Appeals, issued February 14, 2012 (Docket No. 300363), p 1-2; and *People v Ortiz*, unpublished per curiam opinion of the Court of Appeals, issued March 2, 2017 (Docket No. 329936), p 2-3, respectively. The latter two cases clearly involve articles and instruments that can be used or carried for the purpose of assaulting someone. *Lange*, 251 Mich App at 256. The former case, though, like here, involves "a stationary object." *Swanigan*, unpub op at 2. The defendant in *Swanigan* conceded that a glass table can be a weapon if used to strike a victim, but contended his case was distinguishable from *Lange* because the table was a merely a stationary object, which he did not wield or intend to use as a weapon. *Id*. The *Swanigan* Court concluded that whether something is a weapon does not depend on its mobility, or "the offender physically using the object to strike the victim" but rather, how it is *employed*. *Id*. And again, neither party contests that the water was employed in a manner that seriously harmed the victim. However, a stationary table, regardless of its relative immobility, is still a "thing" or a

"tool" that fits within the dictionary definition of "weapon." Water is different in kind from all of these examples.

That the Legislature did not contemplate water or other liquids as a weapon under MCL 777.31(1)(d) is also supported by the structure of the statute as a whole. MCL 777.31 does contemplate some liquids or non-things to be weapons. It directs the trial court to score 20 point when harmful chemical substances, and harmful biological substances are employed. See MCL 777.31(3)(a). That the Legislature took occasion to include specific liquids that could be considered weapons, further indicates that a "weapon" as used elsewhere in the statute, would generally exclude liquids.[1]

This reading of the statute is supported by *People v Blunt*, 282 Mich App 81, 86, 89; 761 NW2d 427 (2009), wherein this Court held that the trial court improperly scored 20 points for OV 1 where the defendant threw hot oil at the victim's face. Heated cooking oil was not considered a harmful chemical substance under MCL 777.31(1)(b) because under MCL 750.200h(i),[2] cooking oil is not a substance that "possess[es] an inherent or intrinsic ability or capacity to cause death, illness, injury, or disease" as required by the term "harmful" in MCL 777.31(1)(b). Any substance that is innocuous, i.e. not harmful or offensive, in its unaltered state is not a harmful substance under MCL 777.31(1)(b). *Blunt*, 282 Mich App at 88. Although the analysis in *Blunt* is applicable to scoring 20 points for OV 1 under § (1)(b), which concerns harmful chemical substances, I find it compelling and persuasive because it suggests that the Legislature intended OV 1 to be scored for the use of "substances" in very specific circumstances. And under that same section, an "incendiary device" can also be scored at 20 points. "Incendiary device" is later defined in the statute to include "flammable substance[s]" like gasoline. MCL 777.31(3)(b). This further supports my reading of the statute in that the Legislature took great care to enumerate the narrow circumstances under which a liquid or chemical substance could be considered a "device," and that is only when a substance is flammable in nature.

Water is a substance that is otherwise harmless in its unaltered state, and not a device or instrument.[3] Because scalding hot water is not a weapon under MCL 777.31(1)(d), I believe the

---

[1] "[A] a cardinal rule of statutory construction is that the express mention of one thing in the statute generally implies the exclusion of other similar things." *People v Adair*, 184 Mich App 703, 704; 458 NW2d 666 (1990). See also the negative-implication canon, *expressio unuis est exclusio alterius*, a Latin phrase meaning "[e]xpress mention in a statute of one thing implies the exclusion of other similar things." *Bronner v City of Detroit*, 507 Mich 158, 173 & n 11; 968 NW2d 310 (2021) (citation omitted).

[2] MCL 777.31(3)(a) directs the reader to the definitions of harmful chemical substances and harmful biological substances provided by the Legislature in MCL 750.200(i).

[3] This Court has held before in *People v Samphere*, unpublished opinion of the Court of Appeals, issued November 10, 2009 (Docket No. 283711), p 7, that scalding hot water does not fit the definition of a "weapon" adopted by this Court in *Lange*, 251 Mich App at 256-257, because water does not fall within the plain and ordinary meaning of an instrument or device used for attack or defense. While *Samphere* is unpublished and not binding on this Court, and concerned scoring

trial court erred by scoring any points for OV 1. *Hardy*, 494 Mich at 438. Scoring zero points for OV 1 would lower Coger's total OV score from 55 to 45, placing her in OV Level IV. Because this would have lowered her minimum guidelines sentencing range to 12 to 24 months under the sentencing grid for Class C offenses, MCL 777.64, I believe Coger is entitled to resentencing, *People v Francisco*, 474 Mich 82, 92; 711 NW2d 44 (2006), and I would instead vacate and remand for the trial court to score zero points for OV 1.

/s/ Adrienne N. Young

---

OV 2, I find it highly persuasive authority. See *People v Daniels*, 311 Mich App 257, 268 n 4; 874 NW2d 732 (2015).