PEOPLE v ALVARADO

Docket Nos. 128157, 128158. Submitted September 5, 1991, at Lansing. Decided February 3, 1992, at 9:20 A.M.

Henry A. Alvarado, Jr., pleaded guilty in the Bay Circuit Court, William J. Caprathe, J., of separate instances of breaking and entering with intent to commit larceny, attempted malicious destruction of police property, and larceny from a person. For each conviction, the court sentenced the defendant to a concurrent five-year term of probation, with the first nine months to be served in jail, and ordered him to pay a fine. The defendant thereafter pleaded guilty of violating his probation on the basis of three felony convictions for offenses committed subsequently. The court revoked his probation and sentenced him to five to ten years' imprisonment for the breaking and entering, sixteen to twenty-four months for the attempted malicious destruction of property, and three to five years for the attempted larceny from a person. The court ordered that the latter sentences run concurrently, but consecutively to the first. The defendant appealed, claiming that the consecutive sentencing was improper.

The Court of Appeals *held:*

Upon finding a probationer guilty of violating a condition of probation, a sentencing court, pursuant to MCL 771.4; MSA 28.1134 and MCR 6.445(G), may continue probation without punishment for the violation, modify the conditions of probation or extend the period of probation, or revoke the sentence of probation and impose any lawful sentence, other than probation, for the crime.

The sentencing court in this case, having decided to revoke probation, was bound to impose sentence in accordance with MCL 768.7b; MSA 28.1030(2). Section 7b provides that, with respect to the crimes at issue, if a person who had been charged with a felony committed a subsequent felony while awaiting disposition of the first felony charge, sentences imposed for the offenses must run consecutively. Thus, all three sentences in this case should have been consecutive. However, because the prosecution did not appeal, the sentences were affirmed.

Affirmed.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Martha G. Mettee,* Assistant Prosecuting Attorney, for the people.

*David A. Pandilidis,* for the defendant on appeal.

Before: DANHOF, C.J., and SHEPHERD and MARILYN KELLY, JJ.

SHEPHERD, J. Defendant pleaded guilty of the following offenses on July 20, 1988: breaking and entering with intent to commit a larceny, MCL 750.110; MSA 28.305; attempted malicious destruction of police property, MCL 750.377b; MSA 28.609(2); and attempted larceny from a person, MCL 750.357; MSA 28.589. The breaking and entering conviction arose out of an incident on February 7 or 8, 1988, for which defendant was arraigned on February 9, 1988. The attempted malicious destruction of police property took place on April 6, 1988, and defendant was arraigned on the charge that day. The attempted larceny conviction stemmed from events that occurred on April 26, 1988, and defendant was arraigned on that charge on June 23, 1988. On September 6, 1988, defendant was given the following sentence in each of the three cases, to be served concurrently: incarceration until June 13, 1989, payment of a fine, and probation for a term of five years. On February 22, 1990, defendant pleaded guilty of violating the conditions of his probation in each of the three cases.[1] The trial court sentenced defendant to incarceration for a period of five to ten years "in file

---

[1] These probation violation charges stemmed from an incident that occurred on August 7, 1989, as a result of which defendant pleaded guilty, on January 22, 1990, of possession of a short-barreled shotgun, MCL 750.224b; MSA 28.421(2); possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2); and attempted assault with a dangerous weapon, MCL 750.82; MSA 28.277.

number 88-1094, the [breaking and entering]." "And on files [sic] 1277, which is the attempted malicious destruction of police property," to sixteen to twenty-four months. "And in file number 88-1278, the attempted larceny from a person, to a sentence" of three to five years. The latter two sentences were to run concurrently with each other but consecutively to the first sentence. Defendant appeals as of right, arguing that the consecutive sentencing was improper.

In this jurisdiction, concurrent sentencing is the norm. *People v Henry,* 107 Mich App 632, 635; 309 NW2d 922 (1981). Absent statutory authority, consecutive sentences may not be imposed. *People v Sawyer,* 410 Mich 531, 534; 302 NW2d 534 (1981). One statutory basis for consecutive sentencing is MCL 768.7b(1); MSA 28.1030(2)(1), which reads:

> Beginning April 1, 1988, and through December 31, 1991, if a person who has been charged with a felony, pending the disposition of the charge, commits a subsequent offense that is a felony, upon conviction of the subsequent offense or acceptance of a plea of guilty, guilty but mentally ill, or nolo contendere to the subsequent offense, the sentences imposed for the prior charged offense and the subsequent offense *shall run consecutively.* [Emphasis added.]

Defendant argues that the sentencing court improperly relied on MCL 768.7b; MSA 28.1030(2) in this case because no charges were pending at the time he violated his probation. Defendant cites *People v Leal,* 71 Mich App 319; 248 NW2d 252 (1976), where this Court held that an offense is not "pending" within the meaning of MCL 768.7b; MSA 28.1030(2) when a defendant has been sentenced to probation. The defendant in *Leal* had been sentenced to probation for unlawful posses-

sion of marijuana with intent to deliver. While on probation, he was convicted of attempted possession of heroin. This Court held that the trial court could not impose a sentence for the heroin conviction that was consecutive to the sentence for the marijuana conviction; the defendant had been sentenced to probation for possessing marijuana and that charge was therefore no longer pending. *Leal, supra,* p 321.

Defendant's attempt to apply *Leal* herein must fail. The cases are factually distinguishable. In *Leal,* the trial court sentenced the defendant to a term of imprisonment for offense B running consecutive to a sentence for offense A—even though the charges relating to offense A were no longer pending, the defendant having already been sentenced to probation therefor. In the present case, defendant was sentenced to probation for offenses A, B, and C. While on probation, defendant committed offenses D, E, and F. In order for this case to parallel *Leal,* the consecutive sentences complained of would have to be for offenses D, E, and F. However, that is not the case here. Defendant complains of the sentences relating to the first group of offenses. Specifically, defendant contends that sentences B and C should not run consecutively to A.

MCL 771.4; MSA 28.1134 provides in pertinent part:

It is the intent of the legislature that the granting of probation shall be a matter of grace conferring no vested right to its continuance. If during the period of probation it appears to the sentencing court's satisfaction that the probationer is likely again to engage in an offensive or criminal course of conduct or that the public good requires revocation of probation the court may revoke probation. All probation orders shall be revocable in

any manner which the court which imposed probation shall consider applicable either for a violation or attempted violation of a condition of probation or for any other type of antisocial conduct or action on the part of the probationer which shall satisfy the court that revocation is proper in the public interest. Hearings on the revocation shall be summary and informal and not subject to the rules of evidence or of pleadings applicable in criminal trials. . . . *If a probation order is revoked, the court may proceed to sentence the probationer in the same manner and to the same penalty as the court might have done if the probation order had never been made.* [Emphasis added.]

This section authorizes a court to sentence a convict to probation. It also enables the court to revoke a sentence of probation. Upon revocation of probation, it stands to reason that a defendant still remains to be sentenced on the underlying offense.

This reading of the statute is supported by MCR 6.445(G), which states:

Sentencing. If the court finds that the probationer has violated a condition of probation, or if the probationer pleads guilty to a violation, the court may continue probation, modify the conditions of probation, extend the probation period, *or revoke probation and impose a sentence of incarceration.* The court may not sentence the probationer to prison without having considered a current presentence report and having complied with the provisions set forth in MCR 6.425(B), (D)(2), and (D)(3). [Emphasis added.]

From the language of the statute and the court rule just quoted, it appears that upon finding a probationer guilty of violating a condition of probation, a sentencing court may, in the exercise of its discretion (1) continue probation without punishment for the violation, (2) modify the conditions of probation or extend the period thereof, or (3)

revoke the sentence of probation that had been given for the "underlying offense"[2] and impose upon the defendant any lawful sentence, other than probation, for such offense.

In this case, the sentencing court decided to revoke probation and incarcerate defendant. Having so decided, the court was bound to sentence in accordance with MCL 768.7b; MSA 28.1030(2), which provides that the sentences "shall run consecutively." Defendant had been charged with his first offense (breaking and entering with intent to commit a larceny) at the time he committed his second (attempted malicious destruction of police property) and had been charged with both his first and second offenses at the time he committed his third (attempted larceny from a person). Accordingly, MCL 768.7b; MSA 28.1030(2) required that the sentences for all three of the foregoing convictions run consecutively. The trial court imposed the latter two sentences to run concurrently. However, because the prosecutor has not cross appealed, we affirm rather than remand for resentencing.

Affirmed.

---

[2] So called to distinguish it from the probation violation.