PEOPLE v BROWN

Docket No. 181738. Submitted December 10, 1996, at Detroit. Decided December 27, 1996, at 9:25 A.M.

Darryl K. Brown was convicted following a bench trial in Detroit Recorder's Court, Gershwin A. Drain, J., of felonious assault and possession of a firearm during the commission of a felony and was sentenced to imprisonment for two years for the felony-firearm conviction followed by five years of probation for the felonious assault conviction. The defendant appealed by leave granted, claiming that the sentences must be concurrent.

The Court of Appeals *held*:

1. The felony-firearm statute, MCL 750.227b(2); MSA 28.424(2)(2), provides that a term of imprisonment prescribed by that statute must be served consecutively with and preceding any term of imprisonment imposed for conviction of the underlying felony. The felony-firearm statute makes no provision for consecutive sentencing where probation, instead of imprisonment, is imposed for the underlying felony.

2. Statutes governing probation provide no authority for consecutive sentencing under the circumstances of this case.

Remanded for correction of judgment to provide for concurrent sentences.

SENTENCES — FELONY-FIREARM — PROBATION FOR UNDERLYING FELONY — CONCURRENT SENTENCES.

The consecutive sentencing requirement of the statute governing possession of a firearm during the commission of a felony applies when the sentence for the underlying felony is imprisonment; where probation is the sentence for the underlying felony, the mandatory prison sentence for felony-firearm is served concurrently with the term of probation (MCL 750.227b[2]; MSA 28.424[2][2]).

*Kenneth M. Waldhorn*, for the defendant on appeal.

Before: Smolenski, P.J., and Michael J. Kelly and J. R. Weber,* JJ.

Smolenski, P.J. Defendant was convicted after a bench trial of felonious assault, MCL 750.82; MSA 28.277, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). He was sentenced to a term of two years' imprisonment for the felony-firearm conviction and a consecutive term of five years' probation for the felonious assault conviction. Defendant appeals by leave granted. We remand.

In reliance on subsection two of the felony-firearm statute, defendant argues that the consecutive nature of his sentence of probation is an impermissible sentence. Defendant failed to raise this issue below. Generally, this Court declines to consider an issue not decided by the trial court. However, we may consider the question if the issue is, as in this case, one of law and the record is factually sufficient. *Aetna Casualty & Surety Co v American Community Mutual Ins Co*, 199 Mich App 30, 34; 501 NW2d 174 (1993); *People v Lumsden*, 168 Mich App 286, 292; 423 NW2d 645 (1988).

Subsection two of the felony-firearm statute provides as follows:

> A term of imprisonment prescribed by this section is in addition to the sentence imposed for the conviction of the felony or the attempt to commit the felony, and shall be served consecutively with and preceding any *term of imprisonment* imposed for the conviction of the felony or attempt to commit the felony. [MCL 750.227b(2); MSA 28.424(2)(2) (emphasis supplied).]

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Specifically, defendant contends that the plain meaning of subsection two does not allow the imposition of a consecutive sentence where the sentence for the underlying felony is a term of probation and not a term of imprisonment. We agree. We have found several published decisions where a sentence of a term of probation for the underlying felony has been imposed consecutively to the mandatory two-year prison term for a felony-firearm conviction. See, e.g., *People v Vann*, 448 Mich 47, 50; 528 NW2d 693 (1995); *People v McShan*, 120 Mich App 496, 498-499; 327 NW2d 509 (1982). However, we have been unable to find any published cases actually addressing the propriety of consecutive sentencing under such circumstances. Thus, the issue appears to be one of first impression.

The goal of statutory construction is to effect the intent of the Legislature. *People v Morris*, 450 Mich 316, 326; 537 NW2d 842 (1995). If the statute is clear, we enforce its directive. *Id.* Only where a statute is unclear and susceptible to more than one interpretation is judicial construction allowed. *Id.*

In this jurisdiction, concurrent sentencing is the norm. *People v Alvarado*, 192 Mich App 718, 720; 481 NW2d 822 (1992). A consecutive sentence may be imposed only if specifically authorized by statute. *People v Nantelle*, 215 Mich App 77, 79; 544 NW2d 667 (1996); *Alvarado, supra*. Although probation is a substitute for imprisonment, it is, in fact, an actual sentence. *People v Moon*, 125 Mich App 773, 780; 337 NW2d 293 (1983). Probation is within the province of the sentencing judge and appellate courts will not interfere absent a showing of a violation or abuse of statutory authority or a violation of some constitu-

tional right. *People v Lemon*, 80 Mich App 737, 742; 265 NW2d 31 (1978).

Under the plain language of the first phrase of the sentence contained in MCL 750.227b(2); MSA 28.424(2)(2), the term of imprisonment imposed for defendant's felony-firearm conviction is in addition to the sentence *of probation* imposed for the felonious assault conviction. However, the plain language of the second phrase of this sentence provides that the term of imprisonment imposed for defendant's felony-firearm conviction shall only be served consecutively with and before a sentence *of imprisonment* for the underlying felony. *People v Sawyer*, 410 Mich 531, 535; 302 NW2d 534 (1981). Clearly, the second phrase of MCL 750.227b(2); MSA 28.424(2)(2) does not provide statutory authority for the imposition of a consecutive sentence of probation.

Subsection three of the felony-firearm statute provides as follows:

> A term of imprisonment imposed under this section shall not be suspended. The person subject to the sentence mandated by this section is not eligible for parole or probation during the mandatory term imposed pursuant to subsection (1). [MCL 750.227b(3); MSA 28.424(2)(3).]

Arguably, the second sentence of this subsection only prohibits parole or probation with respect to the felony-firearm sentence itself, in the same way that the first sentence of this subsection only prohibits suspension of the prison sentence imposed for the felony-firearm conviction itself, not the sentence imposed for the conviction of the underlying felony. In any event, the second sentence of this subsection speaks only to *eligibility* for parole or probation.

Thus, even assuming that the second sentence concerns eligibility for parole or probation for sentences imposed for both the felony-firearm conviction and the underlying felony conviction, we do not interpret this sentence as automatically delaying the commencement of any sentence of probation imposed for the underlying felony until the expiration of the two-year term of the felony-firearm sentence.

Nor do we find in the statutes concerning probation, MCL 771.1 *et seq.*; MSA 28.1131 *et seq.*, any authority for the imposition of a consecutive sentence of probation in this case. MCL 771.2; MSA 28.1132 provides, in relevant part, as follows:

> (1) Except as provided in section 2a of this chapter, if the defendant is convicted for an offense that is not a felony, the *period* of probation shall not exceed 2 years. Except as provided in section 2a of this chapter, if the defendant is convicted of a felony that is not a major controlled substance offense, the *period* of probation shall not exceed 5 years.
>
> (2) The court shall by order, to be filed or entered in the cause as the court may direct by general rule or in each case, fix and determine the *period* and conditions of probation. [Emphasis supplied.]

Although subsection two authorizes the sentencing court to fix and determine the period of probation, this authorization clearly extends only to determining the length of the sentence of probation, not when the sentence of probation shall commence.

With respect to a defendant who may be placed on probation, MCL 771.1(2); MSA 28.1131(2) allows the sentencing court to delay the imposition of sentence for the purpose of giving the defendant an opportunity to prove his eligibility for probation. However, in

this case, defendant's sentencing was not delayed. Rather, defendant was actually sentenced. Moreover, MCL 771.1(2); MSA 28.1131(2) provides that sentencing may be delayed for not more than one year.

Finally, MCL 771.3(4); MSA 28.1133(4) provides that a sentencing court may impose other lawful conditions of probation as required or warranted by the circumstances of the case. Again, the plain language of this subsection does not concern the commencement of a sentence of probation.

For the reasons stated above, we conclude that the sentencing court erred in sentencing defendant to a consecutive sentence of probation in this case. The Legislature is, of course, free to make statutory changes that will in the future prevent the result we have reached in this case.

Because the sentencing court sentenced defendant under a mistaken belief in the law, we remand for the ministerial task of correcting the judgment of sentence to reflect that defendant's sentences of two years' imprisonment for the felony-firearm conviction and five years' probation for the felonious assault are to run concurrently. *People v Green*, 205 Mich App 342, 346; 517 NW2d 782 (1994). The trial court shall ensure that the corrected judgment of sentence is transmitted to the Department of Corrections. We do not retain jurisdiction.

Remanded.