# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DUANE ROSS ST. CLAIR,

        Defendant-Appellant.

UNPUBLISHED
June 27, 2017

No. 331183
Wayne Circuit Court
LC No. 15-007055-01-FH

Before: JANSEN, P.J., and MURPHY and BORRELLO, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of assault with a dangerous weapon (felonious assault), MCL 750.82, possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, and brandishing a firearm in public, MCL 750.234e. He was sentenced to two years' imprisonment for the felony-firearm conviction and two years' probation for each of the convictions for felonious assault and brandishing a firearm. The trial court ordered that defendant serve his terms of probation concurrently with each other but consecutively to the two-year prison term on the felony-firearm conviction. We affirm the convictions but remand for the ministerial task of correcting the judgment of sentence so as to reflect that the probation terms are to run concurrently with the prison sentence.

This case arises out of a road rage incident in which, after words and gestures had been exchanged, defendant brandished a handgun in view of the female victim, as defendant and the victim sat in their respective vehicles, which were temporarily stopped next to each other on the roadway. Defendant, who, indisputably, was armed and had a concealed pistol license, informed the responding police officer that he had not removed the gun from its holster during the episode with the victim. However, at trial, defendant testified that he may have pulled his gun out during the incident, but he questioned whether he even raised it high enough for the victim to see. On appeal, defendant argues that there was insufficient evidence to support the felonious assault and felony-firearm convictions,[1] where the prosecution only proved beyond a reasonable doubt that defendant had merely brandished a firearm. Defendant's argument is based entirely on the

---

[1] The predicate felony for the felony-firearm charge was felonious assault; brandishing a firearm is a misdemeanor, MCL 750.234e(3).

-1-

assertion that the prosecution did not prove beyond a reasonable doubt that he actually pointed the gun at the victim. Implicit in defendant's argument is acceptance of a conclusion that felonious assault would be established if there were adequate proof that the gun was indeed pointed at the victim.

Felonious assault requires proof of an assault with a dangerous weapon with the intent to injure or to place the victim in reasonable apprehension of an immediate battery. *People v Bosca*, 310 Mich App 1, 20; 871 NW2d 307 (2015); *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999). First, defendant fails to cite any authority in support of the proposition that felonious assault involving a firearm requires proof that the firearm was actually pointed at a victim. We can imagine numerous scenarios where, under the totality of the circumstances, the crime of felonious assault could be accomplished absent an offender directly pointing a weapon at a victim. Regardless, the victim in this case testified, "He *pointed* it [the gun] at me and said some things." (Emphasis added.) She then reiterated that defendant "just pointed" the firearm at her. This Court has observed that it is "reasonable to conclude that one who is confronted with a pointed gun would suffer a 'reasonable apprehension' notwithstanding the fleeting duration of the gunman's aim." *People v McConnell*, 124 Mich App 672, 679; 335 NW2d 226 (1983). To the extent that defendant's argument suggests that the victim's testimony had to be corroborated in order for the evidence to reach the level of proof beyond a reasonable doubt, there is no legal authority supporting such a claim and none has been cited. Viewing the direct and circumstantial evidence in a light most favorable to the prosecution, *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012); *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002), taking into consideration all reasonable inferences arising from the evidence, *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999), resolving all conflicts in the evidence in favor of the prosecution, *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008), and deferring to the jury's assessment of the weight of the evidence and the credibility of the witnesses, *People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748 (1992), a rational juror could have found beyond a reasonable doubt that defendant pointed the gun at the victim and committed a felonious assault, thereby also committing the crime of felony-firearm. Reversal is unwarranted.

With respect to sentencing, the trial court ordered that defendant has to first complete the two-year prison sentence for the felony-firearm conviction before the two-year terms of probation, which are concurrent to each other, commence. Stated otherwise, the concurrent terms of probation run consecutively to the two-year prison stint. In *People v Brown*, 220 Mich App 680, 681; 560 NW2d 80 (1996), the defendant "was sentenced to a term of two years' imprisonment for the felony-firearm conviction and a consecutive term of five years' probation for the felonious assault conviction." After examining and construing the language in the felony-firearm statute, MCL 750.227b, and the statutes concerning probation, the *Brown* panel held that "the sentencing court erred in sentencing defendant to a consecutive sentence of probation in this case." *Id.* at 685. The Court focused and relied on the language in MCL 750.227b which indicates that a felony-firearm sentence is to be served consecutively with and before a sentence "*of imprisonment*" for the predicate felony. *Id.* at 683. The panel remanded the case for the "ministerial task of correcting the judgment of sentence to reflect that defendant's sentences of two years' imprisonment for the felony-firearm conviction and five years' probation for the felonious assault are to run concurrently." *Id.* at 685. Accordingly, we likewise remand our case for the ministerial task of correcting the judgment of sentence so as to reflect that *all* of defendant's sentences – probation and incarceration – are to run concurrently.

-2-

Affirmed with respect to defendant's convictions, but remanded for the ministerial task of correcting the judgment of sentence consistent with this opinion. We do not retain jurisdiction.


/s/ Kathleen Jansen
/s/ William B. Murphy
/s/ Stephen L. Borrello