# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JEFFREY LOUIS HIGGINS,

Defendant-Appellant.

UNPUBLISHED
October 18, 2018

No. 337136
Wayne Circuit Court
LC Nos. 15-008810-FH;
15-008811-FH

Before: MURRAY, C.J., and BORRELLO and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant was tried on a total of nine counts in two separate cases arising from separate searches of his home and barbershop business. In LC No. 15-008810-FH, a jury convicted defendant of possession with intent to deliver less than 50 grams of heroin, MCL 333.7401(2)(a)(*iv*), possession with intent to deliver less than 50 grams of cocaine, MCL 333.7401(2)(a)(*iv*), felon in possession of a firearm, MCL 750.224f, possession with intent to deliver marijuana, MCL 333.7401(2)(d)(*iii*), and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. In LC No. 15-008811-FH, the jury convicted defendant of possession with intent to deliver less than 50 grams of heroin, felon in possession of a firearm, felony-firearm, and possession of marijuana, MCL 333.7403(2)(d). The trial court sentenced defendant as a second-offense habitual offender, MCL 769.10, to prison terms of 1 to 20 years each for the possession with intent to deliver cocaine and heroin convictions, one to five years for each felon-in-possession conviction, one to four years for the possession with intent to deliver marijuana conviction, and time served (54 days) for the possession of marijuana conviction, those sentences to be served concurrently, but consecutive to a two-year term of imprisonment for each felony-firearm conviction. For the reasons set forth in this opinion, we affirm defendant's convictions and sentences.

## I. BACKGROUND

This appeal arises from a search of defendant's barbershop and home, both located in Wayne, Michigan. In August of 2015, members of the Westland Police Department testified that a confidential informant (CI) gave them the phone of an individual known to sell illegal narcotics. Investigation revealed that the phone number belonged to defendant. After obtaining that information, members of the Westland Police Department arranged for a CI to purchase

drugs from defendant. Following two drug purchases by the CI from defendant, police obtained a search warrant to search defendant's house, barbershop, and his car.

As police were executing the search warrant, defendant was stopped in his car. Smelling marijuana, police searched defendant and found a plastic bag containing marijuana. From the barbershop, police found utility bills in defendant's name, three plastic bags of suspected heroin, a digital scale, small plastic bags a container with .45 caliber bullets, marijuana and a loaded .357-caliber Ruger handgun.

From defendant's home, police seized a loaded Colt Python revolver, a box of ammunition for a .357-Magnum, a vial that contained suspected heroin, and a lease agreement addressed to defendant that was seemingly an agreement for defendant to lease the barbershop. Police also testified that they found razor blades containing what they believed to be crack cocaine or heroin powder, a marijuana grinder, plastic sandwich bags, several razor blades with suspected powder residue. Police testified that based on their experience with narcotics manufacturing, distributors of illegal narcotics use cutting agents with cocaine or heroin and distribute the drugs in plastic sandwich bags. With respect to two vial of white powder found on defendant's table, police opined that sellers of cocaine and heroin often mixed them with other white powder to increase their quantities of distributed drugs. Police also testified that numerous other objects found within defendant's home were used in the sale and distribution of illegal narcotics.

Prior to trial, the trial court suppressed evidence found at the barbershop finding, in relevant part, that the State lacked probable cause to search the barbershop for drugs or guns. In lieu of granting leave, this Court peremptorily reversed the trial court, stating:

> [T]he Court orders that the January 22, 2016 order of the Wayne Circuit Court is REVERSED. Probable cause supported the search warrant's issuance where the confidential informant was credible (he had successfully assisted police on four prior occasions and his two "controlled buys" with defendant were successful), and his second controlled buy occurred within 48 hours of the warrant's issuance. Further, given identical reports from the informant and another, independent witness that both had purchased drugs from defendant at his barbershop in the past, probable cause of ongoing criminal activity at the barbershop existed in light of the totality of the circumstances. The affidavit adequately established the requisite probable cause. The trial court erred in ruling otherwise.

Defendant was convicted and sentenced as indicated above. This appeal then ensued.

## II. INSUFFICIENT EVIDENCE

On appeal, defendant first challenges his convictions in LC No. 15-008810-FH, arguing that the evidence was insufficient to prove that he owned or possessed the illegal drugs and firearm recovered at the barbershop.

We review de novo a criminal defendant's challenge to the sufficiency of the evidence supporting a conviction. *People v Harverson*, 291 Mich App 171, 175-177; 804 NW2d 757 (2010); *People v Solmonson*, 261 Mich App 657, 661; 683 NW2d 761 (2004). In determining

-2-

whether sufficient evidence exists "to sustain a conviction, a court must view the evidence in a light most favorable to the prosecution and determine whether any rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt." *People v Nowack*, 462 Mich 392, 399-400; 614 NW2d 78 (2000) (quotation and citation omitted).

> The standard of review is deferential: a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict. The scope of review is the same whether the evidence is direct or circumstantial. Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime. [*Id*. at 400 (quotation and citation omitted).]

"It is for the trier of fact, not the appellate court, to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences." *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002).

Defendant challenges his convictions of felon in possession of a firearm, felony-firearm, and possession with intent to deliver cocaine, heroin, and marijuana. "To convict a defendant of possession with intent to deliver, the prosecution must prove (1) that the recovered substance is a narcotic, (2) the weight of the substance, (3) that the defendant was not authorized to possess the substance, and (4) that the defendant knowingly possessed the substance intending to deliver it." *People v McGhee*, 268 Mich App 600, 622; 709 NW2d 595 (2005). The felon-in-possession statute, MCL 750.224f(1), in relevant part, prohibits a convicted felon from possessing a firearm in Michigan. Pursuant to MCL 750.227b(1), "[a] person who carries or has in his or her possession a firearm when he or she commits or attempts to commit a felony . . . is guilty of a felony . . . ."

In this case, defendant contests only the possession element of his convictions, which Michigan courts similarly define in the context of drug and firearm possession crimes. In *People v Minch*, 493 Mich 87, 91-92; 825 NW2d 560 (2012), our Supreme Court explained:

> [F]or possessory crimes in Michigan, actual possession is not required; constructive possession is sufficient. The test for constructive possession is whether the totality of the circumstances indicates a sufficient nexus between defendant and the contraband. Although not in actual possession, a person has constructive possession if he knowingly has the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons.

In *People v Johnson*, 293 Mich App 79, 83; 808 NW2d 815 (2011) (quotations and citation omitted), this Court additionally explained:

> Possession of [contraband] . . . can be joint or exclusive. A person has constructive possession if there is proximity to the article together with indicia of control. Put another way, a defendant has constructive possession of a firearm if the location of [contraband] . . . is known and it is reasonably accessible to the

defendant. Possession can be proved by circumstantial or direct evidence and is a factual question for the trier of fact.

"Because it is difficult to prove an actor's state of mind, only minimal circumstantial evidence is required. Circumstantial evidence and the reasonable inferences that arise from the evidence can constitute satisfactory proof of possession." *McGhee*, 268 Mich App at 623.

Legally sufficient evidence established that defendant constructively possessed the cocaine, heroin, marijuana, and .357-caliber gun that the police found inside the barbershop on September 15, 2015. The police observed defendant leave the shop shortly before they searched the barbershop. As previously stated, police seized bills in defendant's name for the shop address, small bags of heroin inside a refrigerator, and recovered from a closet a handwritten receipt from defendant for $700, a digital scale, small plastic bags, a container of .45-caliber bullets, marijuana inside a plastic bag, and a loaded .357-caliber Ruger handgun. The police also recovered from a safe on the closet floor 12 individually wrapped rocks of crack cocaine, and more than 20 small packages of heroin. Defendant had a lease of the shop property at his home and had given the police a key to the shop's front door. This evidence, viewed in a light most favorable to the prosecution, was sufficient to prove beyond a reasonable doubt that defendant constructively possessed the drugs and gun found in the shop. *Id*. at 623-624 (explaining that "[c]onstructive possession of an illegal substance signifies knowledge of its presence, knowledge of its character, and the right to control it," and finding sufficient evidence of drug possession that the police found current utility bills in the defendant's name on the property where drugs were found, a deed listing the defendant as the property owner, and other documentation circumstantially proving defendant's residence at the property).

Defendant contends that other people who worked at the shop had access to the drugs and gun. Consequently, he argues that the evidence did not establish beyond a reasonable doubt his possession of the drugs or gun. Defendant ignores that possession of a drug or firearm may be either joint or exclusive. *Johnson*, 293 Mich App at 83. Perhaps most glaring is defendant's dismissal of all of the evidence which established his connection with the barbershop, which supports the jury's finding beyond a reasonable doubt that he constructively possessed the drugs and gun found at that location. Accordingly, defendant is not entitled to relief on this issue.

## III. SEARCH & SEIZURE FROM THE SHOP

Next, defendant argues that the drugs and firearm seized from the barbershop should have been suppressed because there was not probable cause to issue the search warrant for that property. This Court has already decided this issue; consequently, the law of the case doctrine prohibits further review.

"The law of the case doctrine holds that a ruling by an appellate court on a particular issue binds the appellate court and all lower tribunals with respect to that issue. Thus, a question of law decided by an appellate court will not be decided differently on remand or in a subsequent appeal in the same case." *Ashker v Ford Motor Co*, 245 Mich App 9, 13; 627 NW2d 1 (2001). The doctrine applies "only to issues actually decided, either implicitly or explicitly, in the prior appeal." *Grievance Administrator v Lopatin*, 462 Mich 235, 260; 612 NW2d 120 (2000). The doctrine applies when the prior appeal involved the same set of facts, the same parties, and the

same question of law. *Manistee v Manistee Fire Fighters Ass'n, Local 645, IAFF*, 174 Mich App 118, 125; 435 NW2d 778 (1989). "The law of the case may be viewed as shorthand for the holding of a prior decision between the same parties which is applied by a lower court upon remand or an appellate court upon subsequent review." *Topps-Toeller, Inc v Lansing*, 47 Mich App 720, 727; 209 NW2d 843 (1973). "[L]aw of the case offers the same parties a measure of certainty by according finality to the litigated issues until the cause of action is fully litigated, including retrials or appeals, and the superseding doctrines of res judicata and collateral estoppel become effective." *Id*. at 729.

Defendant's current challenge to the evidence involves the same set of facts, the same parties, and the same question of law. Accordingly, this Court's decision in the prior appeal is the law of the case and as such the issue may not be decided differently on "remand or in a subsequent appeal in the same case." *Ashker*, 245 Mich App at 13. Accordingly, defendant is not entitled to relief on this issue.

## IV. SENTENCES

Defendant also argues that he is entitled to be resentenced because the trial court committed a legal error in sentencing him to a term of imprisonment, instead of probation, for the drug and felon-in-possession convictions. Defendant argues that the trial court erroneously believed that it lacked the authority to impose terms of probation for these underlying convictions.

This Court generally reviews a trial court's factual findings at sentencing for clear error. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). Questions of law are reviewed de novo. *Id*. "When construing a statute, this Court's primary goal is to give effect to the intent of the Legislature. We begin by construing the language of the statute itself. Where the language is unambiguous, we give the words their plain meaning and apply the statute as written." *People v Morson*, 471 Mich 248, 255; 685 NW2d 203 (2004).

According to defendant, the trial court sentenced him to terms of imprisonment for the drug and felon-in-possession convictions on the basis of the mistaken belief that it lacked the authority to impose terms of probation for the underlying convictions. Defendant premises this argument on *People v Brown*, 220 Mich App 680, 681; 560 NW2d 80 (1996), in which the defendant was convicted of felony-firearm and felonious assault, MCL 750.82, and the trial court sentenced him to two years in prison for the felony-firearm conviction "and a consecutive term of five years' probation for the assault . . . conviction." *Id*. The defendant contended "that the plain meaning of [MCL 750.227b(2)[1]] does not allow the imposition of a consecutive sentence

---

[1] In 1996, MCL 750.227b(2) provided:

> A term of imprisonment prescribed by this section is in addition to the sentence imposed for the conviction of the felony or the attempt to commit the felony, and shall be served consecutively with and preceding any term of imprisonment imposed for the conviction of the felony or attempt to commit the felony. [*Brown*, 220 Mich App at 681.]

where the sentence for the underlying felony is a term of probation and not a term of imprisonment." *Id*. at 682.

In *Brown*, 220 Mich App at 683, this Court reasoned, in relevant part:

> Under the plain language of the first phrase of the sentence contained in MCL 750.227b(2), the term of imprisonment imposed for defendant's felony-firearm conviction is in addition to the sentence *of probation* imposed for the felonious assault conviction. However, the plain language of the second phrase of this sentence provides that the term of imprisonment imposed for defendant's felony-firearm conviction shall only be served consecutively with and before a sentence *of imprisonment* for the underlying felony. Clearly, the second phrase of MCL 750.227b(2) does not provide statutory authority for the imposition of a consecutive sentence of probation. [Emphasis in original.]

This Court held that because the trial "court sentenced [the] defendant under a mistaken belief in the law, we remand for . . . correcti[o]n[] [of] the judgment of sentence to reflect that [the] defendant's sentences of two years' imprisonment for the felony-firearm conviction and five years' probation for the felonious assault are to run concurrently." *Brown*, 220 Mich App at 685.

Defendant has failed to demonstrate any error by the trial court in sentencing him to terms of imprisonment for the drug and felon-in-possession convictions on the basis of a mistaken belief that it lacked the authority to impose terms of probation for these underlying convictions. Defendant requested that the trial court sentence him to probation for all of his convictions besides the felony-firearm convictions and separate terms of imprisonment for the felony-firearm counts. In denying the request for probation, the trial court correctly explained that it lacked the authority to impose a term of probation for an underlying offense *consecutively* to the two-year term of imprisonment required in MCL 750.227b. The trial court's overruling of defendant's probationary sentencing request conforms to the analysis in *Brown*, 220 Mich App at 682-683, regarding the impropriety of sentencing a defendant to a term of imprisonment for two years on a felony-firearm conviction and a consecutive term of probation for the underlying felony. Furthermore, the trial court also agreed with the prosecutor's argument that it should impose terms of imprisonment for the felony-firearm convictions and consecutive terms of imprisonment for the underlying felonies because defendant had eight concurrent convictions in this case. Defendant has not demonstrated that the trial court misunderstood or misapplied the law when imposing sentence. Accordingly, defendant is not entitled to relief.

Affirmed.

/s/ Christopher M. Murray
/s/ Stephen L. Borrello
/s/ Amy Ronayne Krause

---

This identical language now appears at MCL 750.227b(3).

-6-