*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
August 6, 2020

Plaintiff-Appellee,

v

No. 346575
Presque Isle Circuit Court
LC No. 18-093032-FC

DYLAN MICHAEL HAIRE,

Defendant-Appellant.

Before: TUKEL, P.J., and SERVITTO and BECKERING, JJ.

PER CURIAM.

Following a bench trial, defendant was convicted of one count of first-degree criminal sexual conduct (CSC-I), MCL 750.520b (multiple variables), two counts of second-degree criminal sexual conduct (CSC-II), MCL 750.520c(2)(b) (victim under the age of 13), one count of possession of child sexually abusive material, MCL 750.145c(4)(a), and four counts of child sexually abusive activity, MCL 750.145c(2). Defendant was sentenced as a fourth-offense habitual offender, MCL 769.12, to imprisonment of 62½ years to 95 years for his CSC-I conviction, consecutive to 19 to 60 year sentences for each of his CSC-II convictions;[1] 3 to 15 years for his possession of child sexually abusive material convictions; and 26 to 60 years for each of his child sexually abusive activity convictions.[2] Defendant appeals of right. We affirm.

## I. FACTS AND PROCEDURAL HISTORY

Defendant was on parole and living in an adult foster care home. When defendant missed a meeting with his parole officer, defendant's parole officer searched defendant's apartment. During the search, defendant's parole officer found a camera with images of a naked male child on it. Eventually, the owner of the adult foster care home became aware that defendant had

---

[1] All of defendant's other convictions in this case were concurrent sentences.

[2] Additionally, defendant's sentences are consecutive to his prior sentences for offenses for which he was on parole when he committed the sentencing offenses.

sexually assaulted and photographed her grandchildren, six-year-old CS, seven-year-old GP, and two-year-old C.

Multiple devices with explicit images of children were recovered from defendant's apartment. Defendant confessed that the pictures found on the camera belonged to him; he also confessed to sexually assaulting CS, GP, and C. A notebook was later recovered from defendant's jail cell that contained explicit and detailed descriptions of the alleged crimes. Finally, defendant also wrote a letter to a family member in which he admitted to wrongdoing.

At trial, defendant argued that the doctrine of *corpus delicti* should apply to prevent defendant's admissions from being introduced against him. CS and GP were both identified in some of the photographs by their grandmother. One of the photographs depicted a hand with the same tattoo as defendant. Six photographs were identified as being of GP, with four depicting anal penetration and two depicting defendant's penis pressed against GP's lips.

The trial court acquitted defendant of the charges related to victim C because victim C was not identified at trial and, therefore, the trial court concluded that the doctrine of *corpus delicti* prevented defendant's admissions from being used to convict him for those charges. But the trial court convicted defendant of one count of CSC-I with regard to GP, one count of CSC-II with regard to GP, and one count of CSC-II with regard to CS. The trial court also convicted defendant of one count of possession of child sexually abusive material and four counts of child sexually abusive activity.

## II. *CORPUS DELICTI*

Defendant argues that the doctrine of *corpus delicti* should have applied to preclude the trial court from using his admissions to convict him of CSC-I. We disagree.

## A. STANDARD OF REVIEW

As an evidentiary issue, the trial court's decision to admit a confession over an objection for *corpus delicti* is reviewed for abuse of discretion. *People v Burns (On Remand)*, 250 Mich App 436, 438; 647 NW2d 515 (2002). "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *People v Mahone*, 294 Mich App 208, 212; 816 NW2d 436 (2011). "A trial court also necessarily abuses its discretion when it makes an error of law." *People v Al-Shara*, 311 Mich App 560, 566; 876 NW2d 826 (2015). "[A] trial court's decision on a close evidentiary question ordinarily cannot be an abuse of discretion." *People v Cameron*, 291 Mich App 599, 608; 806 NW2d 371 (2011) (quotation marks and citation omitted).

## B. ANALYSIS AND APPLICATION

The doctrine of *corpus delicti* is a rule of proof that must be satisfied before the prosecution is allowed to introduce the inculpatory statements of the defendant. *People v McMahn*, 451 Mich 543, 548; 548 NW2d 199 (1996). Originally, the *corpus delicti* rule applied only to homicides. *People v Cotton*, 191 Mich App 377, 384; 478 NW2d 681 (1991). The purpose of the *corpus delicti* rule in that context is to prevent convictions for homicide when no homicide occurred, and

to require collateral evidence to support a conviction beyond a confession. *McMahan*, 451 Mich at 548-549. For murder, the doctrine of *corpus delicti* requires proof of a death and proof that some criminal agency caused that death. *Id*. at 459. Independent evidence is not required for every element of the particular kind of homicide charged. *People v Williams*, 422 Mich 381, 391; 373 NW2d 567 (1985). Rather,

> the corpus delicti rule is satisfied in any criminal case if the prosecution shows that the specific injury or loss has occurred and that some person's criminality was the source or cause of the injury. A defendant's confession then may be used to elevate the crime to one of a higher degree or to establish aggravating circumstances. [*Cotton*, 191 Mich App at 389.]

Defendant confessed that he sexually abused GP. But there also was evidence admitted at trial of photographs of GP being sexually abused. The doctrine of *corpus delicti* only requires evidence of "some person's criminality" as the source of the harm, not evidence that the specific defendant caused the alleged harm. See *id*. Four pictures were identified at trial as depicting anal penetration of GP. Thus, the *corpus delicti* was satisfied, thereby rendering defendant's confessions admissible, because the photographs were evidence that a criminal act had occurred as a result of some person's criminality.

## III. OFFENSE VARIABLE SCORING

Defendant argues that the trial court erred by assessing 15 points for Offense Variable (OV) 10 and 25 points for OV 12. We disagree.

## A. STANDARD OF REVIEW

When reviewing a trial court's scoring decision, the trial court's "factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "A finding of fact is clearly erroneous if, after a review of the entire record, an appellate court is left with a definite and firm conviction that a mistake has been made." *People v Antwine*, 293 Mich App 192, 194; 809 NW2d 439 (2011) (citation and quotation marks omitted). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Hardy*, 494 Mich at 438. "The sentencing Court may consider facts not admitted by the defendant or found beyond a reasonable doubt by the jury. Offense variables are properly scored by reference only to the sentencing offense except when the language of a particular offense variable statute specifically provides otherwise." *People v Roberts*, ___ Mich App ___, ___; ___ NW2d ___ (Docket No. 339424) (2020); slip op at 4.

## B. ANALYSIS AND APPLICATION

### 1. OV 10

OV 10 is scored for the "exploitation of a vulnerable victim." MCL 777.40(1). The trial court is to assess 15 points for OV 10 when predatory conduct was involved. MCL 777.40(1)(a).

Predatory conduct is defined as "preoffense conduct directed at a victim, or a law enforcement officer posing as a potential victim, for the primary purpose of victimization." MCL 777.40(3)(a). The trial court may only assess points for OV 10 when the victim was vulnerable, meaning that the victim was "susceptible to injury, physical restraint, persuasion or temptation." *People v Cannon*, 481 Mich 152, 158; 749 NW2d 257 (2008). For the offense variable to apply, the defendant's predatory behavior must have occurred before the offense, and the predatory behavior must have been directed at a victim. *Id.* at 160.

A trial court may assess 15 points when it answers the following three questions in the affirmative: "(1) Did the offender engage in conduct before the commission of the offense? (2) Was this conduct directed at one or more specific victims who suffered from a readily apparent susceptibility to injury, physical restraint, persuasion, or temptation? (3) Was victimization the offender's primary purpose for engaging in the preoffense conduct?" *Cannon*, 481 Mich at 162. For the sexual assault of a minor, timing the assault for when no other person was present and in an isolated and secluded location permits the trial court to infer that the defendant engaged in predatory action. *People v Witherspoon*, 257 Mich App 329, 336; 670 NW2d 434 (2003).

A preponderance of the evidence supported the trial court's determination that defendant engaged in predatory behavior. Defendant assaulted and photographed the victims in defendant's apartment and he took steps to avoid detection. Furthermore, defendant wrote in his notebook while in prison that he made a deal with the victims to allow the victims to play video games on his phone or to use his camera if the victims did what defendant told them and did not tell anyone. Thus, defendant directed preoffense conduct at the victims with the primary purpose of victimization, and the trial court did not err by assessing 15 points for OV 10.

### 2. OV 12

OV 12 applies to contemporaneous felonious criminal acts. MCL 777.42(1). Under the offense variable, the trial court is to assess 25 points when the defendant committed three or more contemporaneous felonious acts involving crimes against a person. MCL 777.42(1)(a). A felonious criminal act is contemporaneous if it "occurred within 24 hours of the sentencing offense" and "has not and will not result in a separate conviction." MCL 777.42(2)(a)(*i*) and (a)(*ii*). The acts used to score OV 12 must be separate from the sentencing offense. *People v Light*, 290 Mich App 717, 724-726; 803 NW2d 720 (2010). The possession of child pornography is a crime that may take place over an extended period and, therefore, the trial court may infer that a defendant possessed that pornography within 24-hour period of the date of the sentencing offense. *People v Loper*, 299 Mich App 451, 462-463; 830 NW2d 836 (2013) (holding that four disks of child pornography recovered were sufficient to satisfy the three-or-more-contemporaneous-felonious-acts requirement).

The trial court did not err by determining that a score of 25 points for OV 12 was appropriate, because each act of taking a pornographic photograph of a victim was a separate crime. Defendant in this case took at least six photographs of GP, and only two photographs were required to convict defendant of his CSC counts related to GP. The photographs not required to convict defendant of CSC-I and CSC-II constitute contemporaneous felonious criminal acts. Defendant's only argument is that there is no evidence that the photographs were contemporaneous, but the pictures of GP had image numbers close together and had consistent

-4-

backgrounds. Such similarities suggest that the pictures were taken at the same time. Consequently, the trial court did not err by inferring that these images were taken within 24 hours of each other because the photographs had a consistent background and a close range in image number, depicted the same victim, and showed a progression of sexual acts that made logical sense together. Thus, the trial court did not err by assessing 25 points for OV 12 because there were three or more contemporaneous felonious acts that did not result in separate convictions.

## IV. CONSECUTIVE SENTENCING

Defendant argues that the trial court erred by imposing a consecutive sentence for his CSC-I conviction. We disagree and conclude that the trial court properly explained its rationale for imposing a consecutive sentence.[3]

### A. STANDARD OF REVIEW

The trial court's decision to impose consecutive sentences is reviewed for an abuse of discretion. *People v Norfleet*, 317 Mich App 649, 664; 897 NW2d 195 (2016).

### B. ANALSYIS AND APPLICATION

"Michigan has a 'clear preference for concurrent sentencing' and . . . the '[i]mposition of a consecutive sentence is strong medicine.' " *People v Norfleet*, 317 Mich App 649 at 665. Consequently, "[a] consecutive sentence may be imposed only if specifically authorized by statute." *People v Brown*, 220 Mich App 680, 682; 560 NW2d 80 (1996). MCL 750.520b(3) provides that "[t]he court may order a term of imprisonment imposed under this section to be served consecutively to any term of imprisonment imposed for any other criminal offense arising from the same transaction." But, "[t]he decision regarding each consecutive sentence is its own discretionary act and must be separately justified on the record." *Norfleet*, 317 Mich App at 665.

Contrary to defendant's argument, the trial court properly articulated its reasons for sentencing defendant consecutively.[4] At sentencing, the trial court explained that defendant had inflicted horrific damage on the children and did not appreciate that he had harmed anyone. The trial court additionally noted that defendant boasted that he manipulated the victims who were young children; that defendant was a risk to the public if he was out of prison; and that he was unlikely to be rehabilitated. Thus, the trial court's decision to impose a consecutive sentence for

---

[3] All of defendant's sentences also ran consecutively to the sentences for the prior offenses for which he was on parole, as mandated by MCL 768.7a(2). Defendant does not challenge this aspect of his sentences.

[4] Defendant does not argue that the trial court lacked the discretion to impose a consecutive sentence in this case. Rather, defendant argues that the trial court failed to adequately explain its reasoning for imposing a consecutive sentence. Consequently, our review is limited to the specific issue raised by defendant.

defendant's CSC-I conviction was within its discretion and was properly supported by the evidence.

## V.  CONCLUSION

For the reasons stated earlier, defendant's convictions and sentences are affirmed.

/s/ Jonathan Tukel
/s/ Deborah A. Servitto
/s/ Jane M. Beckering